# JoAnn C. Scarpa

## v.

# Eric P. Melzig, M.D., et al.

Record No. 870952

April 21, 1989

Present: All the Justices

*Stephen W. Bricker (John E. Lichtenstein; Bremner, Baber & Janus*, on brief), for appellant.

*Robert S. Brewbaker, Jr. (Browder, Russell, Morris & Butcher, P.C.*, on brief), for appellees.

COMPTON, J., delivered the opinion of the Court.

In this medical malpractice case, we consider whether the trial court erred in ruling that the plaintiff's claim was barred by the applicable statute of limitations.

Appellant JoAnn C. Scarpa brought this action against appellees Eric P. Melzig, M.D., and Wanda L. Radford, M.D., seeking damages for injuries allegedly suffered as the result of the professional negligence of the physicians. The defendants filed a special plea of the statute of limitations.

The parties agreed to a limited stipulation of facts, which included copies of two operative reports and a hospital discharge summary, solely for the purpose of enabling the trial court to rule on the plea. Upon consideration of the stipulation and argument of counsel, the trial court sustained the plea and dismissed the action in a May 1987 final order, from which we awarded the plaintiff this appeal.

In June 1975, the plaintiff was hospitalized under the care of defendant Melzig for treatment of a pelvic infection. During an operation, Melzig removed tissue and certain body structures. In a written operative report, Melzig erroneously recorded that he had

removed the plaintiff's left fallopian tube. In fact, the left fallo-
pian tube was not among the structures removed. A hospital dis-
charge summary, signed by Melzig and dated four days after the
operation, likewise erroneously indicated removal of the left fallo-
pian tube.

In August 1980, plaintiff was hospitalized under the care of de-
fendant Radford because the plaintiff desired a permanent sterili-
zation. A sterilization procedure was performed by Radford on
August 5, during which the physician noted that the plaintiff's left
fallopian tube was not present when, in fact, the left tube was
present. Thus, Radford confined tubal ligation to the right fallo-
pian tube; she did not ligate, cut upon, or alter the left tube.

In late March 1984, the plaintiff conceived and became preg-
nant, and a child was born at full term. Subsequently, during an
assessment of her reproductive system, the presence of the left fal-
lopian tube was confirmed. Thereafter, the plaintiff, still desiring
sterilization, was hospitalized for completion of the procedure.

On November 12, 1985, the plaintiff first gave notice of this
malpractice claim, and the applicable two-year statute of limita-
tions was tolled for a period of 120 days. Code § 8.01-581.9. The
present action was filed on July 11, 1986.

In her motion for judgment, the plaintiff alleged that defendant
Melzig negligently failed to describe accurately the surgical pro-
cedures he performed on the plaintiff, thereby preventing subse-
quent health care providers from being fully apprised of the status
of her reproductive system. The plaintiff further alleged that de-
fendant Radford was negligent either in "not adequately visualiz-
ing the left fallopian tube" or in "not ligating or attempting to
ligate" the tube.

The trial court ruled that the plaintiff's cause of action against
both defendants accrued and the statute of limitations commenced
running on August 5, 1980. Consequently, the court held the ac-
tion was untimely.

On appeal, the plaintiff contends, as she did at the trial level,
that her cause of action was not time-barred in that she was not
"injured," under the applicable case law and statute of limita-
tions, until she conceived and became pregnant in March 1984.
She argues that she "was never touched, never injured, and never
hurt, in that part of her anatomy relevant to this suit, the left
fallopian tube." She also says there was no "wrongful" injury dur-
ing the 1980 procedure because "that surgery was sought by the

plaintiff and consented to by her." Instead, she states, her "only hurt" occurred when she conceived through her left tube and became pregnant in March 1984, and her July 1986 action was timely. We disagree.

The applicable statute of limitations provides, as pertinent, that "every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues." Code § 8.01-243(A). Accrual of the cause of action is governed by Code § 8.01-230, which provides, as pertinent, that a "cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person . . . and not when the resulting damage is discovered . . . ." We construe the word "injury," as used in § 8.01-230, "to mean positive, physical or mental hurt to the claimant." *Locke* v. *Johns-Manville Corp.*, 221 Va. 951, 957, 275 S.E.2d 900, 904 (1981).

Moreover, when any injury, though slight, is sustained as the consequence of an alleged wrong, the right of action for a personal injury accrues and the statute of limitations begins to run at once. *See Richmond Redevelopment and Housing Authority* v. *Laburnum Construction Corp.*, 195 Va. 827, 838-39, 80 S.E.2d 574, 581 (1954). It is immaterial that all the damages resulting from the wrong may not have been sustained at the time of the negligent act; the running of the statute of limitations is not postponed by the fact that substantial damages do not occur until a later date. *Id.* at 839, 80 S.E.2d at 581.

Therefore, the crucial question in this case becomes, as to both defendants, whether the plaintiff sustained any injury, that is, any positive, physical or mental hurt, though slight, on August 5, 1980 when the sterilization procedure was performed. The plaintiff's theory of recovery against both defendants focuses on that date as culmination of defendants' joint wrongs. She asserts that Melzig's negligent reporting in 1975 tended in 1980 to mislead Radford who negligently failed to observe that the plaintiff still possessed a left fallopian tube, and that these wrongs proximately caused her only positive, physical injury in March 1984.

The facts and circumstances of this case, however, contradict the plaintiff's contention that she sustained no injury on August 5, 1980. In the motion for judgment, the plaintiff alleged that the 1980 sterilization procedure was performed "in an inadequate and incomplete manner." According to the operative report, a

general anesthesia was administered to the plaintiff, an incision was made in her stomach, and a needle was inserted into the abdomen, all in connection with her desire for "permanent sterilization." Clearly, the plaintiff endured trauma, pain, and inconvenience at that time when, due to the defendants' alleged wrongful conduct, she was subjected to a wholly inadequate procedure and denied the adequate and complete sterilization which she requested.

Plaintiff's contentions that she was not injured because the left fallopian tube never was touched or hurt and that the 1980 procedure was not wrongful because she consented to it are without merit. As we have said, she sought complete neutralization of her reproductive system. Her left fallopian tube was an integral part of that system; treatment of that part was neglected, a tortious act of omission. Furthermore, the plaintiff had consented to an adequate, effective sterilization procedure, not to an inadequate and ineffective one.

Therefore, immediately upon completion of the negligently performed 1980 surgery, the plaintiff had a cause of action and a right of action to recover for the trauma, the harm, and the hurt caused during the failed procedure. It is immaterial that the substantial damages of a pregnancy did not occur until a later date. Likewise, it is immaterial that the incomplete surgery was not discovered until later. The plaintiff suffered an injury, though slight, in that she experienced positive, physical or mental hurt on August 5, 1980, and her right of action accrued on that date.

This case is unlike *Locke*, *supra*, relied upon by the plaintiff. There, the plaintiff, an industrial electrician, had breathed asbestos particles during the period 1948 to 1972. In 1978, he filed a personal injury action against certain manufacturers, sellers, and suppliers of asbestos alleging that, due to his exposure to the particles, he contracted mesothelioma, a disabling and fatal disease.

■ We analyzed the pertinent cases and held that the two-year statute of limitations did not bar the claim because "legally and medically there was no injury upon inhalation of defendants' asbestos fibers." 221 Va. at 958, 275 S.E.2d at 905. The medical evidence showed that the cancerous tumor in question does not begin to form contemporaneously with exposure to asbestos dust, but that the malignancy develops afterwards. The record also showed that during the period between exposure and formation of the tumor, there is no clinical evidence of any injury until some

time elapses. Moreover, many persons exposed to asbestos particles never develop mesothelioma, according to the evidence. Thus, we held that the plaintiff was not hurt or harmed, he sustained no injury, and his cause of action did not accrue in 1972 or before, within the meaning of Code §§ 8.01-230 and -243(A). We said that the cause of action accrued and the statute of limitations began to run from the time the plaintiff was hurt, such time to be established by competent evidence that pinpoints the date of injury with a reasonable degree of medical certainty. *Id.* at 959, 275 S.E.2d at 905. The medical evidence tended to indicate that such injury occurred in 1977 or 1978. See Code § 8.01-249(4), enacted in 1985.

In the present case, unlike *Locke*, the injury arose contemporaneous with the wrongful act. As we have demonstrated, the plaintiff was hurt during the bungled 1980 procedure.

For these reasons, we hold that the trial court correctly decided the plaintiff's cause of action accrued on August 5, 1980, the two-year statute of limitations ran from that date, and the 1986 action was untimely. Thus, the judgment below will be

*Affirmed.*

LACY, J., dissenting.

I respectfully dissent. In *Locke* v. *Johns-Manville Corp.*, this Court defined the statutory term "injury" as positive physical or mental hurt to the plaintiff. More specifically, the Court stated that:

We construe the statutory word "injury" to mean positive, physical or mental hurt to the claimant, not legal wrong to him in the broad sense that his legally protected interests have been invaded.

221 Va. 951, 957, 275 S.E.2d 900, 904 (1981). The Court held that a trial court should determine the time of injury from medical evidence that would pinpoint most clearly the date of injury. *Id.* at 959, 275 S.E.2d at 905. Accordingly, the Court in *Locke* determined that the plaintiff's disease appeared when the tumor developed. By determining that the injury appeared when the tu-

mor developed, the Court declared that the statute of limitations did not bar the plaintiff's suit.

Here the majority states that "the crucial question in this case becomes . . . whether the plaintiff sustained any injury, that is, any positive, physical or mental hurt, though slight, on August 5, 1980 when the sterilization procedure was performed."

Although a legal wrong may have occurred in 1980 when Dr. Radford performed an incomplete sterilization, no "injury" under the *Locke* accrual rule had occurred because Mrs. Scarpa had suffered no "positive, physical or mental hurt." Like the plaintiff in *Locke*, Mrs. Scarpa did not incur a positive, physical or mental hurt when exposed to the defendants' negligence. Instead, the positive, physical damage occurred when Mrs. Scarpa's left fallopian tube was involved in the conception of the child. The resulting injury is directly attributable to the negligent actions of both Dr. Radford and Dr. Melzig. Scarpa believed that she was prevented from ever conceiving children again. Until she became pregnant, Mrs. Scarpa never suffered a positive, physical or mental hurt arising from the defendants' actions. At the time she learned that she had conceived another child, however, she endured hardship and trauma which she was unable to prevent.

In *Locke*, we stated that the last date the plaintiff's tumor began to form was unknown, and that the plaintiff's evidence did not show the plaintiff's injury occurred earlier than the onset of the tumor's symptoms. *Id.* at 958-59, 275 S.E.2d at 905. The *Locke* Court held that the plaintiff had filed his complaint within the statute of limitations. *Id.* Likewise, Scarpa's injury did not occur earlier than the onset of her pregnancy. Whether Scarpa suffered from an incomplete sterilization was not demonstrated by the medical evidence. In fact, the medical evidence expressly represented that Scarpa had obtained a complete sterilization. Accordingly, the medical evidence did not show that Scarpa's injury occurred earlier than the onset of the pregnancy's symptoms.

CARRICO, C.J., joins in dissent.