HING-HAR LO, M.D., ET AL.

V.

JAMES F. BURKE, EXECUTOR, ETC.

Record No. 940416

March 3, 1995

Present: All the Justices

*Brewster S. Rawls (Spotts, Smith, Fain & Rawls*, on briefs), for appellants.

*Robert W. Mann (James R. McGarry; Young, Haskins, Mann & Gregory*, on brief), for appellee.

JUSTICE KEENAN delivered the opinion of the Court.

This appeal of a wrongful death action presents a statute of limitations question in which we consider whether the defendants met their burden of proving when the plaintiff's cause of action accrued. We also consider whether the evidence is sufficient to support the jury's finding that the defendants' medical negligence caused the decedent's death.

James F. Burke, executor of the estate of Mary Hutcheson Burke (plaintiff), brought this action against Hing-Har Lo, M.D., and Lo's employer, Montgomery Radiology Associates, Inc. (collectively, Dr. Lo), seeking damages allegedly suffered as the result of Dr. Lo's negligence in reading and reporting the results of a computerized axial tomography (CT scan) conducted on Mary Hutcheson Burke (Burke). As an affirmative defense, Dr. Lo pleaded the statute of limitations.

The parties stipulated that on September 1, 1988, Burke underwent a CT scan, which had been ordered by her personal physician, Ray Dyer, M.D., because he suspected that she had a benign liver tumor. Dr. Lo read the results of the CT scan and reported, among other things, that Burke's pancreas was within normal limits. This report was erroneous, because the CT scan showed that Burke's pancreas contained a cyst measuring three centimeters.

On April 29, 1991, Dr. Lo performed another CT scan on Burke and observed the presence of the pancreatic cyst, which had grown from three centimeters to five centimeters between 1988 and 1991. As part of her interpretation of the 1991 CT scan, Dr. Lo reviewed the scan conducted in 1988 and observed the existence of the three-centimeter cyst, noting its subsequent growth in size.

The pancreatic cyst was removed surgically and was determined to be malignant. There was no evidence showing when the cyst became malignant. However, plaintiff's expert, William B. Hall, Jr., M.D., a retired general surgeon, was of opinion that in 1988 the cyst was benign but potentially dangerous. He further was of opinion that, if Dr. Lo properly had read the 1988 CT scan, the cyst would have been removed surgically, either immediately or within four to five weeks after it was diagnosed.

Burke died on November 8, 1991, as a result of the metastasis of her pancreatic cancer. On February 19, 1992, the plaintiff filed a notice of claim, pursuant to Code § 8.01-581.2. The motion for judgment was filed on June 18, 1992.

In arguing that the plaintiff's action was time-barred, Dr. Lo relied on Dr. Hall's opinion, asserting that Burke was injured on or up to five weeks after September 1, 1988, when the potentially dangerous cyst should have been detected and removed, but was not. Therefore, Dr. Lo asserted, Burke's cause of action was barred after 1990 by the applicable two-year statute of limitations. By letter opinion issued before trial, the court denied Dr. Lo's statute of limitations plea, ruling that she had failed to prove when Burke's injury occurred. The trial court held that the plaintiff's cause of action did not accrue until such time as Burke's cyst became cancerous, and that there was no evidence establishing when this occurred.

At trial, Dr. Lo admitted that she was negligent in failing to report the existence of the three-centimeter pancreatic cyst. Dr. Hall's testimony constituted the only evidence on the issue whether Dr. Lo's negligence caused Burke's death. Based on his review of the medical records, Dr. Hall testified that Burke died as a result of the pancreatic cancer, after it had spread to her colon, intestinal area, nervous system, and liver, and caused a "total collapse of the organs."

Dr. Hall stated that Burke's pancreatic cancer originated in the structure that grew out of the three-centimeter cyst. He also testified that the three-centimeter cyst existing in September 1988 was benign, and that the five-centimeter cyst, which was found in 1991, was cancerous. Dr. Hall emphasized that, in 1988, the cyst necessarily was benign, because Burke "couldn't have lived from [September 1988] with a cancer of that magnitude."

Dr. Hall reached an opinion, with a reasonable degree of medical certainty, that Burke "would be alive today" if the three-centimeter cyst had been reported to her treating physician in 1988. Dr. Hall stated that, if the cyst had been removed in 1988, it could not have caused the pancreatic cancer that Burke suffered in 1991.

He explained that a person's best chance of survival occurs when a cyst is asymptomatic and is found incidentally. Since Dr. Dyer ordered the 1988 CT scan because he suspected the presence of a benign liver tumor, Dr. Hall characterized the appearance of the pancreatic cyst on the 1988 CT scan as an incidental finding.

Dr. Hall also stated that the 1988 scan revealing the three-centimeter cyst was "about as early as I have ever seen the detection of a pancreatic cyst done. And, because of that, when you have

been able to make the diagnosis early, you expect an excellent result." Usually, a pancreatic cyst measures five to six centimeters before it is discovered.

Dr. Hall testified that surgeons uniformly are taught that, upon discovery of a cyst such as the one Burke had in 1988, the cyst must be removed because it has the potential to become cancerous. According to Dr. Hall, the acceptable mode of treatment would have been to remove the cyst immediately or, at the latest, within five weeks of its detection.

Dr. Hall also testified that Burke's three-centimeter pancreatic cyst was not a cause of the pain symptoms she reported in 1988. Instead, he attributed those symptoms to a hiatal hernia, diverticulitis of the colon, diabetes, obesity, and reflux esophagitis.

At the close of the plaintiff's case, Dr. Lo moved the trial court to enter summary judgment based on the same statute of limitations argument she had made before trial. Dr. Lo also moved to strike the plaintiff's evidence, arguing that the plaintiff had failed to prove that her negligence was a proximate cause of Burke's death. The trial court denied both motions.

The jury returned a verdict in favor of the plaintiff for $302,000. The trial court denied Dr. Lo's motion to set aside the verdict, which raised the same arguments presented at the conclusion of the plaintiff's case.

On appeal, Dr. Lo first argues that the plaintiff's cause of action accrued in 1988, and that, since the notice of claim was not filed until February 1992, the action was time-barred under Code § 8.01-244. In support of her argument, Dr. Lo again relies on Dr. Hall's testimony that Burke's cyst should have been removed within four or five weeks after the September 1, 1988 CT scan. Dr. Lo contends that, since there is no evidence establishing when the cyst became malignant, the five-week period immediately following September 1, 1988, "is the only applicable time frame" for measuring the accrual of the plaintiff's cause of action. Dr. Lo asserts that Burke was injured at that time, because a potentially dangerous cyst was allowed to remain in her body.

In response, the plaintiff argues that, because Dr. Lo raised the plea of the statute of limitations, she had the burden of proving when the injury occurred. Citing *Locke v. Johns-Manville Corp.*, 221 Va. 951, 275 S.E.2d 900 (1981), the plaintiff asserts that Dr. Lo did not prove that the injury occurred in 1988, because there is no evidence that Burke suffered a "positive, physical or mental

hurt" at that time. *Id.* at 957, 275 S.E.2d at 904. Instead, the plaintiff asserts that the injury occurred when the cyst became malignant and, since there is no evidence indicating at what time this occurred, Dr. Lo has failed to meet her burden of proof on this issue. We agree with the plaintiff.

The defendant has the burden of proof to establish facts necessary to prevail on a statute of limitations plea. *Id.* at 958, 275 S.E.2d at 905; *Louisville & N. R.R. v. Saltzer*, 151 Va. 165, 168, 144 S.E. 456, 457 (1928). The applicable statute of limitations is set forth in Code § 8.01-244, which provides, in material part, that a wrongful death action may be brought by the decedent's personal representative within two years after the death of the injured person, if the decedent was entitled to bring an action for personal injury, but died, with no such action pending, before the expiration of two years after the cause of action accrued.

The term "accrue" is defined in Code § 8.01-230, which states in relevant part that "[i]n every action for which a limitation period is prescribed, the cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run *from the date the injury is sustained* in the case of injury to the person." (Emphasis added.) Thus, the date when Burke sustained her injury controls the present issue. This fact must be established by competent evidence "that pinpoints the precise date of injury with a reasonable degree of medical certainty." *Locke*, 221 Va. at 959, 275 S.E.2d at 905.

In *Locke*, the plaintiff alleged that he had contracted mesothelioma, a type of lung cancer, as a result of inhaling asbestos fibers on various jobs he performed between 1948 and 1972. He filed his action on July 24, 1978. The defendant argued that the action was time-barred, asserting that the date of the plaintiff's last exposure to asbestos, 1972, marked the accrual of his cause of action.

In holding that the action was not time-barred, this Court construed the word "injury," as it is used in Code § 8.01-230, to mean "positive, physical or mental hurt to the claimant, not legal wrong to him in the broad sense that his legally protected interests have been invaded." *Locke*, 221 Va. at 957, 275 S.E.2d at 904. Thus, this Court concluded that the cancer was the injury sustained, and that the onset of the disease was distinct in time from the occurrence of the wrongful act, which was the exposure to the asbestos dust. *Id.* at 958, 275 S.E.2d at 905.

■ In the present case, the record contains no evidence that Burke suffered positive, physical or mental hurt when the CT scan was performed or during the five-week period immediately following the scan. Instead, like the plaintiff in *Locke*, Burke suffered a physical hurt only when the cancer developed. Since there is no evidence here showing when that occurred, Dr. Lo has failed to meet her burden of proving when Burke sustained the injury.

We disagree with Dr. Lo's contention that our decision in *Scarpa v. Melzig*, 237 Va. 509, 379 S.E.2d 307 (1989), compels a different result. In *Scarpa*, we held that the statute of limitations begins to run when any injury, though slight, is sustained as the consequence of an alleged wrong, despite the fact that greater damage from the same wrong may be sustained at a later date. *Id.* at 512, 379 S.E.2d at 309.

In *Scarpa*, the plaintiff was subjected to a failed surgical sterilization procedure and later suffered additional damage when she became pregnant. This Court stated that the plaintiff's injury occurred on the date of the procedure, since she suffered some "trauma, pain, and inconvenience at that time." *Id.* at 513, 379 S.E.2d at 310. Thus, the Court held that the plaintiff's right of action accrued on the date of the procedure, and that it was immaterial that all damages resulting from the injury were not sustained at the time of the negligent act. *Id.* at 512, 379 S.E.2d at 309.

In contrast, in the present case, there is no evidence that Burke suffered any positive, physical or mental hurt at or near the time she submitted to the CT scan procedure. Rather, the only evidence of injury is the onset of cancer in her pancreas. Thus, under the principles expressed in *Locke* and *Scarpa*, Burke did not sustain an injury, and the statute of limitations did not begin to run, until her cyst became malignant.

■ We also emphasize that, by this analysis, we do not adopt in a case such as this a so-called "discovery" rule in which the limitation period does not begin to run until the initial diagnosis is made or is communicated to the injured person. Instead, we hold only that the cause of action accrues when such an injury actually occurs. *Locke*, 221 Va. at 959, 275 S.E.2d at 905-06; *but cf.* Code § 8.01-249. Thus, under this analysis, a cause of action can accrue before a disease of this kind manifests itself by symptoms, since it is the onset of the disease itself that triggers the running of the limitation period. *Id.* at 959, 275 S.E.2d at 905.

We turn now to consider Dr. Lo's argument that the plaintiff failed to prove that her negligence was a proximate cause of Burke's death. Dr. Lo contends that, at most, Dr. Hall's testimony provided only "a basis for finding a possible connection between the negligence and the harm." Therefore, Dr. Lo argues, the jury was left to speculate whether her negligent omission proximately caused Burke's death. Dr. Lo also argues that, since Dr. Hall is a general surgeon and is not a radiologist or a pathologist, his opinion rested on mere conjecture and improperly was based on subjects on which he was not qualified to offer an expert opinion. We disagree.

In accordance with well-established principles, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the plaintiff, the prevailing party at trial. *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 147, 439 S.E.2d 387, 390 (1994); *Ravenwood Towers, Inc. v. Woodyard*, 244 Va. 51, 57, 419 S.E.2d 627, 630 (1992). Applying this standard of review, we hold that there is sufficient evidence of proximate causation to support the jury's verdict.

Dr. Hall testified that Burke's pancreatic cyst was benign when Dr. Lo failed to diagnose it in 1988, and that the cancer which ultimately caused her death grew out of this benign cyst. He further testified that, as a matter of standard surgical practice, a benign cyst, such as the one present in 1988, must be removed within five weeks of its diagnosis, because it has the potential to become cancerous. Finally, Dr. Hall stated that, if Burke's benign cyst had been removed within the five-week period following the 1988 CT scan, no cancer could have formed later within the cyst to cause Burke's death. We conclude that this testimony provided the necessary causal link between Dr. Lo's negligence and Burke's death.

In reaching this conclusion, we reject Dr. Lo's argument that Dr. Hall improperly was allowed to offer opinion testimony on subjects involving radiology and pathology. Dr. Hall testified that, while he is not qualified to examine pathology slides or to read radiology films, the duties of a general surgeon include the review of reports of all the medical specialists involved in a case. In fact, Dr. Hall explained that, as a matter of standard practice, before he would have operated on a patient in Burke's condition, he would have consulted with the patient's radiologist. Therefore, we conclude that Dr. Hall's evaluation of pathology and radiology

reports in formulating his expert opinion did not constitute improper opinion testimony.

For these reasons, we will affirm the trial court's judgment.

*Affirmed.*