**Pamela SMITH, et al., Plaintiffs,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, et al., Defendants.**

**No. 93–CV–1682 (DRH).**

United States District Court, E.D. New York.

Sept. 22, 1995.

Levy Phillips & Konigsberg, R.L.L.P. by Steven J. Phillips, New York City, for plaintiffs.

Stroock & Stroock & Lavan by Jay P. Mayesh, New York City, for defendant Canon U.S.A., Incorporated.

Cerussi & Spring by Joseph A. D'Avanzo, White Plains, NY, for defendant International Business Machines Corporation.

Edwards & Angell by G. Ira Greenberg, New York City, for defendant NCR Corporation.

### MEMORANDUM AND ORDER

HURLEY, District Judge.

Presently pending before the Court, in the above-captioned so-called repetitive stress injury ("RSI") case, is a Motion for Summary Judgment by Canon U.S.A., Incorporated ("Canon")[1] on the ground that the claims of Plaintiff Judith Claveloux ("Claveloux") are barred by the applicable statute of limitations. For the reasons set forth below, Canon's motion is granted.

### DISCUSSION

A motion for summary judgment may be granted only when it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P.

---

1. Alternatively, Canon moves, *inter alia,* "to sever this action pursuant to Federal Rules of Civil Procedure 18 and 20(a)...." (Canon Aug. 11, 1994 Not.Mot. at 1–2.)

56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir.1987); *Winant v. Carefree Pools,* 709 F.Supp. 57, 59 (E.D.N.Y.), *aff'd* 891 F.2d 278 (2d Cir.1989). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and identifying which materials "it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553; *see also Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.,* 865 F.2d 506, 511 (2d Cir.1989); *Pariente v. Scott Meredith Literary Agency, Inc.,* 771 F.Supp. 609, 612 (S.D.N.Y.1991). The substantive law governing the case will identify those facts which are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ Once the moving party has come forward with support demonstrating that no genuine issue of material fact remains to be tried, including pleadings, depositions, interrogatory answers, and affidavits, the burden shifts to the non-moving party to provide similar support setting forth specific facts about which a genuine triable issue remains. Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511; *Borthwick v. First Georgetown Sec., Inc.,* 892 F.2d 178, 181 (2d Cir.1989); *Donahue,* 834 F.2d at 57. The court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *Donahue,* 834 F.2d at 57.

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2509–10 (emphases omitted). Moreover, "[c]onclusory allegations will not suffice to create a genuine issue. There must be more than a 'scintilla of evidence,' and more than 'some metaphysical doubt as to the material facts.'" *Delaware & Hudson*

*Ry. Co. v. Consolidated Rail Corp.,* 902 F.2d 174, 178 (2d Cir.1990), *cert. denied,* 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 125 (1991) (quoting *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512, and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986)); *see also Carey v. Crescenzi,* 923 F.2d 18, 21 (2d Cir.1991). "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed materials facts, ... or defeat the motion through mere speculation or conjecture." *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990) (citations and internal quotations omitted). With the above principles in mind, the Court turns to a discussion of the case at bar.

## I. *Claims by Claveloux against Canon*

The Complaint in the above-captioned case—based upon alleged "repetitive stress injuries" suffered by the plaintiffs—was filed on April 15, 1993. It sets forth two theories for recovery by Claveloux, negligence and strict products liability. (*See* Compl. ¶¶ 152–67.) It contains, *inter alia,* the following allegations:

> Plaintiff Judith Claveloux is a citizen of the State of Virginia.

(Compl. ¶ 1.)

> At all relevant times, plaintiff Judith Claveloux used in the course of her employment certain cash register and scanner supermarket checkout equipment and other related equipment which was manufactured, designed, sold and/or distributed by defendants International Business Machines Corporation and Cannon [sic] USA, Inc.

(Compl. ¶ 25.)

> On or about and between August 1970, until present, and at all times thereafter, plaintiff Judith Claveloux was employed as a cashier by Giant Food, Maledale, Dale City, Virginia.

(Compl. ¶ 73.)

> On or about and between April 1977, until present, and at all times thereafter, while employed as a cashier/scanner by Giant Food, plaintiff Judith Claveloux

used adding machine equipment manufactured by Cannon [sic] USA, Inc.....

(Compl. ¶ 76.)

> Plaintiff Judith Claveloux's repetitive stress injuries were insidious in their onset and, accordingly, it is not possible to identify precisely the precise date of the onset of symptoms. Nor is it possible at this point to state that any initial symptoms experienced constituted .the full manifestation or even a partial manifestation of each or any of the injuries that plaintiff ultimately sustained, or continues to sustain. Nonetheless, on or about Spring of 1982, plaintiff began to experience some symptoms such as numbness, tingling, pain and/or sensory motor impairments of the upper extremities, neck and torso, with additional and new symptoms and injuries experienced thereafter.

(Compl. ¶ 133.)

> On or about February 1991, plaintiff Judith Claveloux received the diagnosis of right carpal tunnel syndrome.

(Compl. ¶ 134.)

> Finally, the Complaint alleges that:
>
> [t]he nature of plaintiffs' injuries is such that there is no precise moment of injury. Rather, there is a cumulative and prolonged process by which plaintiff [sic] sustained injury, aggravated existing injury, sustained new injury, and continues to do so.

(Compl. ¶ 149.)

## II. *Applicable Statute of Limitations*

### A. *New York's Borrowing Statute*

New York's Civil Practice Law and Rules § 202 ("Section 202") provides as follows:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state[,] the time limited by the laws of the state shall apply.

N.Y.Civ.Prac.L. & R. 202.

The Complaint in the case at bar indicates that Claveloux is not a resident of New York; rather, she is a resident of Virginia. (Compl. ¶ 1.) Further, it indicates that any injuries sustained by Claveloux as a result of her use of any Canon product occurred during her employment at a Virginia supermarket. (*See* Compl. ¶¶ 25, 73, 76.) Thus, Canon argues that Claveloux's cause of action accrued in Virginia and therefore, pursuant to Section 202, this Court "is required to apply the shorter of the New York or Virginia statute of limitations in determining the timeliness of Claveloux'[s] action." (Canon Mem.Supp. Mot.Summ.J. at 9–10.)

In opposition to Canon's Motion for Summary Judgment, Claveloux does not dispute that her cause of action accrued in Virginia. Rather, she contends that because she

> continued to use the Canon adding machine products through the two-year period prior to filing her action, and because she has sustained new injuries caused by her use of those products in that two-year period, her claim is unquestionably timely under Virginia Law.

(Pl.'s Mem. Opp. at 1.) Inexplicably, however, Claveloux then continues to argue that her claims, in addition to being timely under Virginia law, are timely under New York law.[2] (*See id.* at 1–2.)

 Claveloux's cause of action accrued in Virginia. *See, e.g., Martin v. Julius Dierck Equip. Co.,* 43 N.Y.2d 583, 403

---

**2.** The Court notes that Canon's motion is expressly based on the following arguments: (1) Virginia's two-year statute of limitations governs the instant matter; and (2) Claveloux's action is untimely under that statute of limitations. In her opposition papers, Claveloux posits, without supporting authority, that "if this Court determines this action *to be timely* under Virginia law ..., then this Court may next consider the New York statutory scheme." (Pl.'s Mem.Opp. at 10 (em-

phasis added).) Claveloux provides no rationale—nor can the Court discern any—for such a proposition. *See McCarthy v. Bristol Lab.,* 86 A.D.2d 279, 449 N.Y.S.2d 280, 283 (2d Dep't 1982) ("[W]here a cause of action accrues without the State but an action is commenced in New York, the New York 'borrowing statute' requires the use of the shorter limitations period of either New York *or* the state of accrual.") (emphasis added).

N.Y.S.2d 185, 374 N.E.2d 97 (1978).[3] Because she is not a resident of New York, and Virginia provides a shorter statute of limitations than does New York, Virginia's law shall govern whether or not Claveloux's action was timely commenced. *See* Section 202; *see, e.g., McCarthy,* 449 N.Y.S.2d at 283.

### B. *Virginia's Statute of Limitations*

Virginia's Civil Code provides as follows:

Personal action for injury to person or property generally.... A. Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, ..., shall be brought within two years after the cause of action accrues.

Va.Code Ann. § 8.01–243.

Accrual of cause of action. In every action for which a limitation period is prescribed, the cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person, when the breach of contract or duty occurs in the case of damage to property and not when the resulting damage is discovered, except where the relief sought is solely equitable or where otherwise provided....

Va.Code Ann. § 8.01–243.

Virginia's highest court has explained that

when any injury, though slight, is sustained as the consequence of an alleged wrong, the right of action for a personal injury accrues and the statute of limitations begins to run at once.... It is immaterial that all the damages resulting from the wrong may not have been sustained at the time of the negligent act; the running of the statute of limitations is not

postponed by the fact that substantial damages do not occur until a later date.

*Scarpa v. Melzig,* 237 Va. 509, 379 S.E.2d 307, 309 (1989) (citations omitted).

Thus, in order to be timely, Claveloux's action must have been commenced within two (2) years of her alleged repetitive stress injuries.[4] As is explained below, this Court finds that *latest* date on which Claveloux's alleged injuries were sustained was February 1991, and that, thus, the two-year statute of limitations for any such injuries began to run on that date.

### III. *Claveloux's Action is Time Barred*

#### A. *Right Carpal Tunnel Syndrome*

■ A review of the Complaint reveals that the only specified RSI allegedly sustained by Claveloux is right carpal tunnel syndrome. (Compl. ¶ 134.) At latest, this injury occurred in February 1991, at which time Claveloux received that diagnosis.[5] (*See id.*) Because this injury was allegedly sustained more than two (2) years prior to the commencement of the instant suit, any claim for it is clearly time barred. *See* Va. Code Ann. § 8.01–243. Therefore, the Court hereby grants Canon's Motion for Summary Judgment as to the claims by Claveloux based upon her alleged right carpal tunnel syndrome.

#### B. *New Unspecified Repetitive Stress Injuries and Aggravation of Existing Injuries*

The Court now turns its attention to the allegations in the Complaint that Claveloux, as well as each and every plaintiff in the above-captioned action, has sustained and continues to sustain *unspecified* new injuries and to aggravate *unspecified* existing injuries. (*See supra* at 4–5 (quoting Compl.

---

3. The court in *Martin* found that "for purposes of the borrowing statute, CPLR 202, plaintiff's causes of action in negligence and strict products liability accrued in Virginia, *the place of the injury.*" 403 N.Y.S.2d at 189, 374 N.E.2d at 100 (emphasis added).

4. This Court rejects Claveloux's argument, (*see* Pl.'s Mem.Opp. at 26–27), that Canon should be equitably estopped from asserting the statute of limitations defense. *See NYCDEWPLL—Brooks*

*v. International Business Machines Corp.,* Index No. 23720/92, slip op. at 5 n. 2 (N.Y.Sup.Ct.N.Y. County Aug. 16, 1994).

5. The Court need not, and therefore does not, address whether or not Claveloux's injury might have been sustained as early as the "Spring of 1982," when she "began to experience some symptoms...." (Compl. ¶ 133.)

¶¶ 133, 149).) Canon maintains that "[t]his universal catch all phraseology is not sufficient to allege an injury within the relevant period." (Canon Reply Mem. at 10–11.)

 In support of her argument that there *is* a material issue as to whether or not she sustained unspecified repetitive stress injuries and aggravated unspecified existing injuries within the statutory period, Claveloux relies upon the allegations in her Complaint and upon the affidavit of Dr. Pascarelli. (*See* Pl.'s Mem.Opp. at 5–8.) Dr. Pascarelli's affidavit does not indicate that he has examined Claveloux or reviewed her medical records. Accordingly, Dr. Pascarelli is not in a position to aid Claveloux as to the instant issue because, as he notes in his affidavit,

> [c]linical judgments on a case-by-case basis are required to relate particular symptoms to particular injuries.

(Pascarelli July 7, 1993 Affid. ¶ 31.) In opposing Canon's Motion for Summary Judgment, Claveloux obviously "may not rest upon the mere allegations" in her Complaint, "but must set forth specific facts showing that there is a genuine issue for trial." *See* Fed.R.Civ.P. 56(e).

Based on the foregoing, Canon "met its burden of coming forward with proof of the absence of any genuine issues of material fact." *See Celotex Corp.*, 477 U.S. at 321, 106 S.Ct. at 2552 (citations omitted). Thus, the "burden of responding" rested with Claveloux. *See id.* However, Claveloux's response, detailed above, was inadequate, consisting primarily of conclusory statements advanced by her attorneys, coupled with reference to the same two documents relied upon by Canon, that is the Complaint and Dr. Pascarelli's affidavit.

It may be that Claveloux *has* suffered unspecified repetitive stress injuries within the statutory period and that any existing injuries have been aggravated during the statutory period. She has, however, provided *no* evidence to support these allegations.[6] Therefore, after careful review of the record, this Court finds that Canon has met its burden of demonstrating that it is entitled to Summary Judgment. *See Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223–24 (2d Cir.1994).

### c. *Continuing Duty to Warn*

Finally the Court considers the following argument by Claveloux:

> In the instant case, defendant Canon continued to act tortiously until plaintiff's suit was filed, by breaching its continuing duty to warn Ms. Claveloux of the hazards of repetitive use of its adding machine equipment. This ongoing misconduct caused Ms. Claveloux's new injuries and aggravated existing injuries through the two-year period prior to commencement of this suit.

(Pl.'s Mem.Opp. at 7–8.)

As previously discussed, Virginia's Civil Code provides as follows:

> Personal action for injury to person or property generally.... A. Unless otherwise provided in this section or by other statute, every action for personal injuries, *whatever the theory of recovery*, ..., shall be brought within two years after the cause of action accrues.

Va.Code Ann. § 8.01–243 (emphasis added).

> Accrual of cause of action. In every action for which a limitation period is prescribed, the cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run *from the date the injury is sustained in the case of injury to the person*, when the breach of contract or duty occurs in the case of damage to property and not when the resulting damage is

---

**6.** Even assuming *arguendo* that Claveloux produced adequate support for these allegations, she would have had to come forward with some evidence that any injuries sustained within the statutory period were separate and distinct from her alleged right carpal tunnel syndrome injury,

in order to survive the instant motion. *See Scarpa*, 379 S.E.2d at 309; *see also Parajecki v. International Business Machines Corp.*, No. 93–CV–3532, slip op. at 19, —— F.Supp. ——, —— (E.D.N.Y. Sept. 22, 1995).

discovered, except where the relief sought is solely equitable or where otherwise provided....

Va.Code Ann. § 8.01–230 (emphasis added).

■ Again, the Court has found that Claveloux has provided *no* evidence to support her allegations that she has suffered any unspecified repetitive stress injuries within the statutory period and that any existing unspecified injuries have been aggravated during the statutory period. Thus, at present, she has no claim for such injuries. *See supra* at 10–11.

Based upon the record currently before the Court, the only failure to warn claim that Claveloux could legitimately assert against Canon is based upon her alleged right carpal tunnel syndrome—such claim accrued, at the latest, in February 1991, when Claveloux was diagnosed with right carpal tunnel syndrome. Such a cause of action would be time barred, under Virginia law, as of February 1993. *See* Va.Code Ann. § 8.01–243; Va.Code Ann. § 8.01–230. Because the instant action was not commenced until April 15, 1993, any claim by Claveloux against Canon for failure to warn is time barred.[7]

### Conclusion

For the reasons set forth above, Canon's Motion for Summary Judgment is granted in its entirety, because the claims of Plaintiff Judith Claveloux against Canon are barred by the applicable statute of limitations.

SO ORDERED.

---

**7.** The Court has reviewed the Virginia case law cited by Claveloux and finds that it does not support her argument that any claims against Canon for failure to warn are timely. Moreover, as discussed above, Virginia's statutory law regarding the statute of limitations, supports the contrary conclusion.