## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Goodwin

v.

Salsano et al.

June 13, 1996

Case No. CL 95-3511

BY JUDGE KENNETH N. WHITEHURST, JR.

This matter comes on the defendants' special pleas of the statute of limitations. This is a wrongful death action alleging medical malpractice on the part of the two defendants. Plaintiff alleges that the defendants failed to properly diagnose the decedent's colon cancer. Defendants assert that this action is time barred under the applicable statute, Code of Virginia, § 8.01-244,[1] since the cause of action arose more than two years before suit was filed. In the alternative, defendants assert that this action should be dismissed on the ground that plaintiff has not qualified in Virginia as the executrix of the decedent's estate, and therefore, this action has not been brought by a proper party. This latter argument was raised by defendants' oral motion at the hearing on defendants' plea of the statute of limitations, at which time plaintiff responded in oral argument.

---

[1] Code of Virginia § 8.01-244 provides: "A. Notwithstanding the provisions of § 8.01-229(B), if a person entitled to bring an action for personal injury dies as a result of such injury with no such action pending before the expiration of two years next after the cause of action shall have accrued, then an action under § 8.01-50 may be commenced within the time limits specified in subsection B of this section. B. Every action under § 8.01-50 shall be brought by the personal representative of the decedent within two years after the death of the injured person . . . ."

All parties agree that the operative statute is Code of Virginia § 8.01-244, "which provides, in material part, that a wrongful death action may be brought by the decedent's personal representative within two years after the death of the injured person, if the decedent was entitled to bring an action for personal injury but died, with no such action pending, before the expiration of two years after the cause of action accrued." *Lo v. Burke*, 249 Va. 311, 316 (1995). The *Lo* case, whose facts are very similar to the case at bar, focused on the question of when a cause of action for failure to diagnose accrues. The *Lo* case held that the decedent "sustains an injury" and the cause of action accrues when the cancer develops and the cyst (or, in this case, the tumor) becomes malignant. *Id.* at 317. The Court in *Lo* emphasized that such a determination is very fact-specific and that it is the burden of the defendant raising the statute of limitation to prove the necessary facts by competent evidence. *Id.* at 316.

Defendants argue that, based on the plaintiff's own allegations in the motion for judgment, this cause of action accrued at the latest on December 1, 1993, when the decedent's colon cancer was diagnosed after exploratory surgery. Defendants then conclude that since the motion for judgment was not filed until December 4, 1995, the statute of limitations bars this action. The court agrees with the plaintiff that such an analysis ignores the plain language of Code of Virginia § 8.01-244, which provides that a wrongful death action may be brought within two years of the decedent's *death*, if the decedent could have brought a personal injury action but died before bringing one and the decedent died within two years of the cause of action accruing. Taking the allegations of the motion for judgment as true, it is clear that the decedent died within two years of the accrual of the cause of action, even if the accrual date is deemed to be the very first time plaintiff was treated by either of these two doctors. (The decedent died on January 6, 1994, and was first seen by Dr. Salsano on December 8, 1992, and treated by Dr. Dahm on December 14, 1992.) It is further true that this wrongful death action was brought within two years of the decedent's death. Defendants' special pleas of the statute of limitations are therefore overruled.

Plaintiff's motion for judgment contains the allegation that plaintiff was duly appointed co-executrix of the estate of the decedent by the Superior Court of Currituck County, North Carolina. Plaintiff's counsel conceded during oral argument that plaintiff has not qualified as executrix in Virginia. The wrongful death statute, Code of Virginia § 8.01-50(B), provides: "Every such action under this section shall be brought by and in the

name of the personal representative of such deceased person . . . ." "[I]t has been established in this jurisdiction that a foreign administrator, who has acquired no status in Virginia, is without authority to institute in his official capacity any action or suit in the courts of this State." *McDaniel v. Carolina Pulp Co.*, 198 Va. 612, 615 (1956). In *Wackwitz v. Roy*, 244 Va. 60 (1992), the Court found that the plaintiff/administrator's failure to be duly qualified in Virginia was not a jurisdictional defect. Since the defendant had not "properly and seasonably" challenged the non-resident administrator's right to maintain the action, the defect was waived and could not be raised for the first time on appeal. *Wackwitz* at 64. In the case at bar, however, the defendants have "properly and seasonably" challenged the plaintiff's right to maintain this action. The court concludes that this action has not been brought by a proper party and must be dismissed.

The defendants urge the court to rule further that since no personal representative of the decedent's estate has qualified in Virginia within two years of the death of the decedent, the claim is "forever time barred." Such an issue is not properly before the court at this time. The court finds that *this* action should be dismissed due to plaintiff's lack of authority to bring and maintain it. The question of whether any future action is time barred or whether the statute of limitations has been tolled during the pendency of this suit (*see McDaniel, supra*), is a question that should be resolved if and when such a subsequent action is before the court.