Present: Carrico, C.J., Compton, Stephenson,[1] Lacy,
Hassell, Keenan and Koontz, JJ.

VALERIE F. NUNNALLY
                    OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 961718        September 12, 1997

DR. AVIS ADRIENA ARTIS, ET AL.

        FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                    James F. Ingram, Judge


                              I.

        In this appeal, we consider whether to overrule our

decision in Scarpa v. Melzig, 237 Va. 509, 379 S.E.2d 307

(1989), holding that in an action for wrongful conception,

the statute of limitations begins to run when the health

care provider negligently performs the ineffective

sterilization procedure.

                              II.

                              A.

        On October 18, 1995, Valerie R. Nunnally filed her

motion for judgment against Danville Memorial Hospital and

Dr. Avis A. Artis, and alleged the following.  Nunnally

decided to have a sterilization because any subsequent

pregnancies would have been detrimental to her health.  Dr.

Artis, the Hospital's purported agent, negligently performed

a tubal ligation upon her on February 6, 1989.  Nunnally

became pregnant on November 1, 1993, and she gave birth to a

healthy child.  She "experienced a foreseeable traumatic

_____

    [1]Justice Stephenson participated in the hearing and
decision of this case prior to the effective date of his
retirement on July 1, 1997.

delivery with consequent adhesions and other related medical problems."

The defendants filed special pleas in bar, asserting that Nunnally's action is barred by the applicable statute of limitations. The trial court entered a judgment sustaining the defendants' pleas, and we awarded Nunnally an appeal.

B.

Code § 8.01-243(A) provides, in pertinent part, that "every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues." Code § 8.01-230 provides, in relevant part, that "[i]n every action for which a limitation period is prescribed, the cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person . . . ."

Nunnally argues that the trial court erred in granting the defendants' special pleas of the statute of limitations. Nunnally contends that she pled a cause of action for wrongful conception, that her cause of action did not accrue until she was injured, that her injury occurred at conception and, hence, that the statute of limitations did not begin to run until November 1, 1993, the date she conceived her child. Thus, Nunnally urges us to overrule our decision in Scarpa v. Melzig, supra. The defendants respond that Nunnally's cause of action accrued on February

6, 1989, the date the sterilization procedure was performed and, thus, her action is barred by the two-year statute of limitations.

In Scarpa v. Melzig, we considered whether the trial court erred in ruling that a plaintiff's medical malpractice action was barred by the two-year statute of limitations. JoAnn C. Scarpa filed an action against her physicians, Eric P. Melzig and Wanda L. Radford. In June 1975, Scarpa was hospitalized under the care of Melzig for treatment of a pelvic infection. Melzig removed certain tissue and body structures from Scarpa's body during an operation. Melzig erroneously recorded in a written operative report that he had removed Scarpa's left fallopian tube when, in fact, the left fallopian tube was not among the structures removed. Melzig signed a hospital discharge summary which also erroneously indicated that Scarpa's left fallopian tube had been removed.

In August 1980, Scarpa was hospitalized under the care of Dr. Radford because Scarpa desired a permanent sterilization. Radford performed the procedure and noted that Scarpa's left fallopian tube was not present when, in fact, the left fallopian tube was present. Thus, Dr. Radford did not ligate, cut upon, or alter Scarpa's left fallopian tube.

Scarpa conceived and became pregnant in March 1984, and a child was born. During an assessment of her reproductive system, the presence of her left fallopian tube was

confirmed.

Scarpa filed a notice of medical malpractice on November 12, 1985 and filed her motion for judgment on July 11, 1986. In her motion for judgment, she alleged that Dr. Melzig negligently failed to describe accurately the surgical procedures he performed on her, thereby preventing subsequent health care providers from being fully apprised of the status of her reproductive system. Scarpa also alleged that Dr. Radford was negligent in either failing to visualize adequately Scarpa's left fallopian tube or in failing to ligate or attempt to ligate that tube. The trial court held that Scarpa's cause of action was barred because the statute of limitations began to run on August 5, 1980, the date that Radford negligently performed the sterilization procedure.

On appeal, Scarpa contended that her action was not barred by the statute of limitations because her "only hurt" occurred when she conceived through her left fallopian tube and became pregnant in March 1984. Rejecting Scarpa's contention, we pointed out that the applicable statute of limitations required that every action for personal injuries shall be brought within two years after the cause of action accrued, Code § 8.01-243(A), and that Scarpa's cause of action accrued from the date she sustained an injury to the person and not when the resulting damage was discovered, Code § 8.01-230. We held that Scarpa's cause of action began to run at the time that the negligent 1980

sterilization procedure was performed because, during that procedure she "endured trauma, pain, and inconvenience [and] due to defendants' alleged wrongful conduct, she was subjected to a wholly inadequate procedure and denied the adequate and complete sterilization which she requested." Scarpa, 237 Va. at 513, 379 S.E.2d at 310.

Justice Lacy, with whom Chief Justice Carrico joined, dissented. Justice Lacy was of opinion that although a legal wrong may have occurred in 1980 when Dr. Radford performed the negligent sterilization procedure upon Scarpa, no injury occurred because Mrs. Scarpa had suffered no "positive, physical or mental hurt" until she became pregnant. Id. at 515, 379 S.E.2d at 311.

C.

In Miller v. Johnson, 231 Va. 177, 343 S.E.2d 301 (1986), we held "that an action for wrongful pregnancy or wrongful conception may be maintained in Virginia." Id. at 183, 343 S.E.2d at 305. Explaining our holding, we stated:

"Individuals are . . . free to practice contraception to further their constitutionally-protected choice not to have children. See Eisenstadt v. Baird, 405 U.S. 438, 453-54 (1972); Griswold v. Connecticut, 381 U.S. 479, 485-86 (1965).

Under traditional tort principles, it is clear that a physician who performs . . . [a] sterilization procedure owes a legal duty to the patient. Where the patient can establish failure to perform the procedure with reasonable care and damages proximately resulting from breach of duty, she is entitled to recover as in any other medical malpractice action."

Id. at 182-83, 343 S.E.2d at 304.

Nunnally's motion for judgment alleges a cause of action for wrongful conception.  The gist of an action for wrongful conception is that a health care provider negligently performed a sterilization procedure and, as a proximate result of that negligence, the patient conceives a child.

In <u>Locke</u> v. <u>Johns-Manville Corp.</u>, 221 Va. 951, 275 S.E.2d 900 (1981), we stated:

> "We construe the statutory word [found in Code § 8.01-230] 'injury' to mean positive, physical or mental hurt to the claimant, not legal wrong to him in the broad sense that his legally protected interests have been invaded.  Thus, the running of the time is tied to the fact of harm to the plaintiff, without which no cause of action would come into existence; it is not keyed to the date of the wrongful act, another ingredient of a personal injury cause of action."

221 Va. at 957-58, 275 S.E.2d at 904.  Here, the injury of which Nunnally complains is not "trauma, pain, and inconvenience" that may have been associated with the negligent sterilization procedure.  Rather, she complains of the consequences of the wrongful conception and the subsequent pregnancy which, for medical reasons, she sought to avoid.  Indeed, we fail to understand how a plaintiff could have a cause of action for wrongful conception if there has been no conception.

Even though a legal wrong may have occurred in 1989 when the defendants performed the negligent sterilization procedure on Nunnally, we hold that no injury under the <u>Locke</u> accrual rule occurred at that time because Nunnally

had suffered no "positive, physical or mental hurt" related to her alleged cause of action, wrongful conception. Thus, we are of opinion that Scarpa was wrongly decided and, therefore, it is expressly overruled.

D.

Our decision to overrule Scarpa is made with great reluctance. We recognize the importance of the doctrine of stare decisis in our jurisprudence. Indeed, we have stated:

> "In Virginia, the doctrine of stare decisis is more than a mere cliche. That doctrine plays a significant role in the orderly administration of justice by assuring consistent, predictable, and balanced application of legal principles. And when a court of last resort has established a precedent, after full deliberation upon the issue by the court, the precedent will not be treated lightly or ignored, in the absence of flagrant error or mistake. Kelly v. Trehy, 133 Va. 160, 169, 112 S.E. 757, 760 (1922)."

Selected Risks Insurance Co. v. Dean, 233 Va. 260, 265, 355 S.E.2d 579, 581 (1987).

Our strong adherence to the doctrine of stare decisis does not, however, compel us to perpetuate what we believe to be an incorrect application of the law; neither will we be compelled by the doctrine of stare decisis to ignore our duty to develop the orderly evolution of the common law of this Commonwealth. Indeed, this Court's obligation to reexamine critically its precedent will enhance confidence in the judiciary and strengthen the importance of stare decisis in our jurisprudence. Although we have only done so on rare occasions, we have not hesitated to reexamine our precedent in proper cases and overrule such precedent when

warranted.  See, Jones v. Commonwealth, 227 Va. 425, 430, 317 S.E.2d 482, 485 (1984) (overruling Noell v. Commonwealth, 135 Va. 600, 115 S.E. 679 (1923)); Lentz v. Morris, 236 Va. 78, 81, 372 S.E.2d 608, 609 (1988) (overruling Short v. Griffitts, 220 Va. 53, 255 S.E.2d 479 (1979) and Crabbe v. School Board, 209 Va. 356, 164 S.E.2d 639 (1968)); Bailes v. Sours, 231 Va. 96, 100, 340 S.E.2d 824, 827 (1986) (overruling in part Williams v. Williams, 192 Va. 787, 792, 66 S.E.2d 500, 503 (1951) and Surber v. Bridges, 159 Va. 329, 335, 165 S.E. 508, 510 (1932)); Lichtman v. Knouf, 248 Va. 138, 139, 445 S.E.2d 114, 115 (1994) (overruling in part Haddon v. Metropolitan Life Ins. Co., 239 Va. 397, 399, 389 S.E.2d 712, 714 (1990)); Middlekauff v. Allstate Insurance Co., 247 Va. 150, 154, 439 S.E.2d 394, 397 (1994) (overruling in part Haddon v. Metropolitan Life Ins. Co., 239 Va. 397, 399, 389 S.E.2d 712, 714 (1990)).

### E.

We find no merit in defendants' argument that our holding today constitutes a "discovery rule."  We adhere to the holding, expressed in Virginia Military Institute v. King, 217 Va. 751, 760, 232 S.E.2d 895, 900 (1977), that adoption of a discovery rule, which causes the running of the statute of limitations only when an injury is discovered or should have been discovered in the exercise of reasonable diligence, must be accomplished by the General Assembly.  As we observed in Locke, "in all of our prior decisions that

reject the discovery rule, the injury or damage existed at the time of the wrongful act; it had merely not been discovered in a timely manner." 221 Va. at 959, 275 S.E.2d 906. Here, however, Nunnally's injury, the wrongful conception, did not exist at the time of the defendants' alleged wrongful act -- the negligent sterilization procedure. To hold otherwise would result in the inequity of barring a plaintiff's claim for wrongful conception before she conceived. Hence, we are of opinion that our decision today is entirely consistent with our holding in Locke and the cases discussed therein.

F.

Defendants, relying upon Starnes v. Cayouette, 244 Va. 202, 419 S.E.2d 669 (1992), argue that the statute of limitations for Ms. Nunnally's claim expired in 1991 in accordance with the law existing at that time and, therefore, cannot be revived now. Defendants' reliance is misplaced.

In Starnes, we awarded a plaintiff, an adult survivor of childhood sexual abuse, an appeal to consider whether, as the trial court ruled, the expiration of the statute of limitations on her personal injury cause of action afforded the defendant a property right protected by constitutional due process guarantees. Marjorie Starnes, who was born in 1964, alleged in her motion for judgment that she was subjected to multiple acts of sexual abuse by the defendant, Robert L. Cayouette, from the age of 5 until she became 14

years old.  The last such act of abuse occurred in 1978.

Starnes became 18 years of age in 1982 and 20 years of age in 1984.  She filed her action against Cayouette in July 1991.  He filed a plea invoking Code § 8.01-243, which imposed a time limitation of two years on personal injury actions.  In response, she argued that her action was timely filed under Acts 1991, c. 674,[2] which essentially revived a victim's cause of action for certain torts related to sexual abuse even though the statute of limitations had expired.

In Starnes, we observed that the two-year statute of

_____

[2]Clauses one and two of that Act provided:

"In actions for injury to the person, whatever the theory of recovery, resulting from sexual abuse occurring during the infancy or incompetency of the person, [the cause of action shall be deemed to accrue] when the fact of the injury and its causal connection to the sexual abuse is first communicated to the person by a licensed physician, psychologist, or clinical psychologist.  However, no such action may be brought more than ten years after the later of (i) the last act by the same perpetrator which was part of a common scheme or plan of abuse or (ii) removal of the disability of infancy or incompetency.

As used in this subdivision, 'sexual abuse' means sexual abuse as defined in subdivision 6 of § 18.2-67.10 and acts constituting rape, sodomy, inanimate object sexual penetration or sexual battery as defined in Article 7 (§ 18.2-61 et seq.) of Chapter 4 of Title 18.2.

[T]he provisions of subdivision 6 of § 8.01-249 shall apply to all actions filed on or after July 1, 1991, without regard to when the act upon which the claim is based occurred provided that no such claim which accrued prior to July 1, 1991, shall be barred by application of those provisions if it is filed within one year of the effective date of this act."

limitations in Code § 8.01-243 was tolled until the plaintiff attained her majority in 1982.  We held that the statute of limitations expired on her claims in 1984, and her action was barred because she did not file suit until July 1991.  Additionally, we held that the defendant had a vested right to a defense of the statute of limitations once the statute of limitations had run and that the General Assembly could not, consistent with the due process guarantees of the Constitution of Virginia, art. I, § 11, divest the defendant of that property right.  Starnes, 244 Va. at 207, 419 S.E.2d at 672.

Here, however, the defendants, Artis and Danville Memorial Hospital, do not have vested property rights in the statute of limitations because, as we have already demonstrated, Nunnally's cause of action did not accrue until her child was conceived.  Unlike the plaintiff in Starnes, the statute of limitations governing Nunnally's action had not expired.  Thus, the defendants, Artis and Danville Memorial Hospital, acquired no vested property rights in an expired statute of limitations.  Additionally, unlike the facts in Starnes, neither the General Assembly nor this Court has revived a plaintiff's action that had expired.

### III.

In view of the foregoing, we will reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

                                        <u>Reversed and remanded</u>.

JUSTICE COMPTON, with whom CHIEF JUSTICE CARRICO and JUSTICE
STEPHENSON join, dissenting.


     The statement this Court made 75 years ago regarding

Virginia's adherence to the doctrine of <u>stare</u> <u>decisis</u> is

apropos in the present situation.  "[T]he construction of

statutes ought not to vary with every change in the

personnel of the appellate court."  <u>Kelly</u> v. <u>Trehy</u>, 133 Va.

160, 169, 112 S.E. 757, 760 (1922).

     It is obvious that this Court, as presently

constituted, would not, as an original proposition, have

construed the applicable statute of limitations as it was

construed in <u>Scarpa</u> v. <u>Melzig</u>, 237 Va. 509, 379 S.E.2d 307

(1989).  Nevertheless, the 1989 construction was dictated by

controlling precedent, was reached "after full deliberation

upon the issue," was made by a clear majority of the Court,

and was not the product "of flagrant error or mistake."

<u>Selected Risks Ins. Co.</u> v. <u>Dean</u>, 233 Va. 260, 265, 355

S.E.2d 579, 581 (1987).  The 1989 construction should be

followed now.

     Moreover, <u>Scarpa</u> has been cited with approval by this

Court in five opinions, which were unanimous on the issue,

during the period June 1992 to April of this year.  See

<u>Starnes</u> v. <u>Cayouette</u>, 244 Va. 202, 206, 419 S.E.2d 669, 671

(1992); <u>Howard</u> v. <u>The Alexandria Hospital</u>, 245 Va. 346, 350,

429 S.E.2d 22, 24 (1993); <u>Renner</u> v. <u>Stafford</u>, 245 Va. 351,

355, 429 S.E.2d 218, 221 (1993); Lo v. Burke, 249 Va. 311, 317, 455 S.E.2d 9, 13 (1995); and St. George v. Pariser, 253 Va. 329, 332, 484 S.E.2d 888, 890 (1997).

Unfortunately, the present majority, merely acknowledging the existence of stare decisis and then promptly discarding the doctrine, has chosen to inject instability into the law of the Commonwealth.  I believe Scarpa should be controlling here, and thus would affirm the judgment of the trial court.