JUSTICE COMPTON,
with whom CHIEF JUSTICE CARRICO and JUSTICE STEPHENSON join, dissenting.
The statement this Court made 75 years ago regarding Virginia’s adherence to the doctrine of stare decisis is apropos in the present situation. “[T]he construction of statutes ought not to vary with every change in the personnel of the appellate court.” Kelly v. Trehy, 133 Va. 160, 169, 112 S.E. 757, 760 (1922).
*256 It is obvious that this Court, as presently constituted, would not, as an original proposition, have construed the applicable statute of limitations as it was construed in Scarpa v. Melzig, 237 Va. 509, 379 S.E.2d 307 (1989). Nevertheless, the 1989 construction was dictated by controlling precedent, was reached “after full deliberation upon the issue,” was made by a clear majority of the Court, and was not the product “of flagrant error or mistake.” Selected Risks Ins. Co. v. Dean, 233 Va. 260, 265, 355 S.E.2d 579, 581 (1987). The 1989 construction should be followed now.
Moreover, Scarpa has been cited with approval by this Court in five opinions, which were unanimous on the issue, during the period June 1992 to April of this year. See Starnes v. Cayouette, 244 Va. 202, 206, 419 S.E.2d 669, 671 (1992); Howard v. The Alexandria Hospital, 245 Va. 346, 350, 429 S.E.2d 22, 24 (1993); Renner v. Stafford, 245 Va. 351, 355, 429 S.E.2d 218, 221 (1993); Lo v. Burke, 249 Va. 311, 317, 455 S.E.2d 9, 13 (1995); and St. George v. Pariser, 253 Va. 329, 332, 484 S.E.2d 888, 890 (1997).
Unfortunately, the present majority, merely acknowledging the existence of stare decisis and then promptly discarding the doctrine, has chosen to inject instability into the law of the Commonwealth. I believe Scarpa should be controlling here, and thus would affirm the judgment of the trial court.