**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LYNDA D. MORRISON,
Plaintiff-Appellant,

v.

No. 96-1742

INTERNATIONAL BUSINESS MACHINES
CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-1459-A)

Argued: March 3, 1997

Decided: April 22, 1997

Before RUSSELL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Bardyl R. Tirana, Washington, D.C., for Appellant. J.
Hardin Marion, TYDINGS & ROSENBERG, L.L.P., Baltimore,
Maryland, for Appellee. **ON BRIEF:** Jerry Kristal, Bethann P.
Schaffzin, GREITZER & LOCKS, Philadelphia, Pennsylvania, for
Appellant. John B. Isbister, Jennifer C. Holmes, TYDINGS &
ROSENBERG, L.L.P., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Lynda D. Morrison appeals an order of the district court granting summary judgment to International Business Machines Corporation (IBM) on the basis that her products liability action is barred by the applicable two-year statute of limitations. See  Va. Code Ann. § 8.01-243(A) (Michie 1992). We affirm.

I.

Morrison was employed by United Airlines as a reservation sales representative, a position that required her to key data into a computer that was equipped with a keyboard manufactured by IBM. She used the IBM keyboard in connection with her employment from May 1989 until October 1992. According to Morrison, use of the keyboard over that period caused her to develop bilateral carpal tunnel syndrome as well as various other conditions related to repetitive-stress injuries. On October 4, 1994, Morrison filed this action in state court, alleging that IBM negligently designed the keyboard, failed to warn her of the dangers associated with its use, and breached implied warranties of merchantability and fitness for a particular purpose. After removing the action to federal court on the basis of diversity of citizenship, IBM moved for summary judgment, arguing that the applicable two-year limitations period expired before Morrison filed this action because her alleged injuries occurred prior to October 4, 1992.[1]

_____

[1] The Virginia statute setting forth the limitations period provides that "every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues." Va. Code Ann. § 8.01-243(A). A "cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person." Va. Code Ann. § 8.01-230 (Michie 1992).

2

Morrison, however, contended that her claims were timely because she first experienced "reportable" symptoms on October 24, 1992. J.A. 87. The district court awarded summary judgment to IBM, concluding that "[c]onsidering all the medical evidence in [this] case, the plaintiff's injury occurred some months prior to October 24, 1992." J.A. 281.

There is overwhelming evidence that Morrison experienced symptoms of carpal tunnel syndrome more than two years before initiating this lawsuit.[2] In October 1992, Morrison told Dr. Raymond Lower that she had begun experiencing "prickly sensations" and numbness in the fingers of her right hand approximately one year earlier and that she had "lost feeling" in her right thumb for one week during December 1991. J.A. 79, 82. Morrison also informed Dr. Lower that she suspected carpal tunnel syndrome and described the onset of pain as "ongoing." J.A. 64. Morrison likewise told Dr. Roger Gisolfi, a treating physician, that she had noticed numbness in both hands during the spring months of 1992 and informed Dr. Andrew Molchon, her psychiatrist, that she had begun to suffer the symptoms of bilateral carpal tunnel syndrome between January and April 1992. Moreover, it was revealed during discovery that Morrison admitted to Cynthia Bargery, an employee of her former attorney, that she had experienced the symptoms of carpal tunnel syndrome prior to October 1992.

Furthermore, two of Morrison's expert witnesses expressed the opinion that Morrison's carpal tunnel syndrome had developed prior to October 1992. Dr. Khosrow Matini, who performed surgery on Morrison's right wrist, opined that her carpal tunnel syndrome had begun to develop by July 1992 at the latest. Dr. Matini also testified that he found significant scarring on the median nerve of Morrison's right carpal tunnel and that such scarring was caused by "a long-standing course of neuropathy, carpal tunnel syndrome." J.A. 203. Dr. Rick Robertson, purportedly an expert in the biomechanical causes of injuries sustained by keyboard users, testified that Morrison had sus-

_____

**2** The medical testimony established that carpal tunnel syndrome is a complex of symptoms including pain, numbness, and tingling in the hand caused by compression of the median nerve. The existence of carpal tunnel syndrome is diagnosed by the presence of such symptoms.

3

tained a "major trauma" as a result of repetitive stress by September 1992. J.A. 187.

Juxtaposed against this evidence was Morrison's testimony that Drs. Lower, Gisolfi, and Molchon misinterpreted her statements regarding the onset of her symptoms and that she simply did not recall making any such statements.**3** Further, Morrison submitted the affidavit of Dr. Laura Welch, who opined that based on her review of Morrison's deposition testimony and unspecified comments made by Morrison during an interview, Morrison's carpal tunnel syndrome developed a few days before October 24, 1992, the date on which Morrison now claims her pain began. Morrison also submitted an affidavit signed by Dr. Matini in which he contradicted his deposition testimony that Morrison's carpal tunnel syndrome had begun developing by July 1992, suggesting instead that it was impossible to determine with any precision when the scarring of Morrison's median nerve had begun.

The parties do not dispute that the applicable limitations period is two years from the date the cause of action accrued, and that Morrison's cause of action accrued on the date her injury occurred, not the date symptoms were discovered or diagnosis was made. See Lo v. Burke, 455 S.E.2d 9, 13 (Va. 1995). After carefully reviewing the record and the briefs, and having had the benefit of oral argument, we conclude that the record taken as a whole could not lead a rational trier of fact to find that Morrison's carpal tunnel syndrome developed after October 4, 1992. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-52 (1986). Accordingly, we agree with the district court that summary judgment in favor of IBM is appropriate.

II.

For the foregoing reasons, the order of the district court granting summary judgment to IBM is affirmed.

AFFIRMED
_____

**3** Likewise, Morrison explained that Bargery's understanding that she experienced symptoms prior to October 1992 was the product of "another miscommunication." J.A. 117.

4