Present:  All the Justices

LINDA M. ST. GEORGE

v.    Record No. 960876    OPINION BY JUSTICE ELIZABETH B. LACY
                                    April 18, 1997
ROBERT J. PARISER, M.D., ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Marc Jacobson, Judge

The primary issue in this medical malpractice case is whether the defendants, who filed a plea of the statute of limitations, carried their burden of producing evidence to show that the patient's injury occurred more than two years before the date the motion for judgment was filed.

This case involves the misdiagnosis of a cancerous mole. On June 13, 1991, Linda M. St. George went to the offices of Pariser Dermatology Specialists, Ltd., for an evaluation of a mole on her lower left leg.  A punch biopsy was performed on the mole.  Robert J. Pariser, M.D., an owner and employee of Pariser Dermatology Specialists, Ltd., performed a pathological examination of the biopsied tissue.  He diagnosed the tissue as acanthoma, a benign condition.  This diagnosis was placed in St. George's medical record and relayed to her.

In March 1993, St. George consulted a plastic surgeon, Dr. Tad E. Grenga, about removal of the mole.  At Dr. Grenga's suggestion, St. George requested a copy of her medical record from Pariser Dermatology Specialists, Ltd.  Prior to delivering the record, Dr. Pariser reviewed the 1991 tissue slides and determined that the biopsied tissue showed atypical melanocytic hyperplasia, a cancerous condition.  He put an addendum report

in St. George's medical record reflecting this second diagnosis.

After reviewing the medical record, including Dr. Pariser's addendum report, Dr. Grenga determined that the condition described in the addendum report required that the entire mole be removed, which he did by an excisional biopsy. The pathology report described the biopsied tissue as "invasive superficial spreading malignant melanoma." Based on this report, Dr. Grenga performed a second surgery in which he removed additional tissue around the site of the mole and closed the wound with a skin graft. St. George underwent subsequent procedures including implantation of a tissue expander. The tissue expander was ultimately removed at St. George's request because of the pain and nerve numbness associated with it. St. George continues to have periodic examinations and tests by an oncologist to insure that the cancer has not recurred.

On October 21, 1993, St. George filed a motion for judgment against Dr. Pariser and Tidewater Dermapathology Service, Inc., alleging negligence and fraud. Pariser Dermatology Specialists, Ltd., was later added as a defendant.[1] Dr. Pariser and Pariser Dermatology Specialists, Ltd., (collectively "Pariser") filed a demurrer to the fraud count

---

[1]Tidewater Dermapathology Service, Inc., and Dr. David M. Pariser, another defendant, were nonsuited prior to trial.

which was sustained.  Pariser also filed a plea of the statute of limitations, asserting that St. George's cause of action arose at the time of the June 1991 diagnosis and, therefore, her motion for judgment was filed beyond the two year statute of limitations period.  Code § 8.01-243(A).  St. George sought a determination by the trial court that her motion for judgment was timely filed as a matter of law.  The trial court took this matter under advisement.  Following the presentation of the evidence in a three day trial, the trial court granted St. George's motion to strike Pariser's evidence on the issue of negligence.  The case was submitted to the jury on the issues of proximate cause, damages, and the statute of limitations.  The jury returned a verdict in favor of Pariser.  St. George filed this appeal asserting that the trial court erred in failing to strike Pariser's plea of the statute of limitations as a matter of law.

The law governing the accrual of a cause of action involving a claim for personal injury is well established.  The cause of action accrues on "the date the injury is sustained in the case of injury to the person," § 8.01-230, and we have construed "injury" to mean "a positive, physical or mental hurt."  Locke v. Johns-Manville Corp., 221 Va. 951, 957, 275 S.E.2d 900, 904 (1981).  The injury need not occur contemporaneously with the negligent act, but may arise at some later point.  Id. at 957-59, 275 S.E.2d at 904-05.  Finally, an

injury is deemed to occur, and the statute of limitations period begins to run, whenever any injury, however slight, is caused by the negligent act, even though additional or more severe injury or damage may be subsequently sustained as a result of the negligent act. Scarpa v. Melzig, 237 Va. 509, 512, 379 S.E.2d 307, 309 (1989). The party asserting the limitations bar bears the burden of proving the date on which the injury was sustained with a reasonable degree of medical certainty. Lo v. Burke, 249 Va. 311, 316, 455 S.E.2d 9, 12 (1995).

We turn then to the record to determine whether Pariser produced evidence to show when, based on the expert testimony, the injury St. George suffered as a result of the misdiagnosis occurred, and whether that date was more than two years prior to the date she filed her motion for judgment. There was virtually no disagreement among the physicians who qualified as expert witnesses at trial about the pathology of St. George's mole. The experts agreed that the 1991 biopsy slides show atypical melanocyte cells in the epidermis. These cells, according to the experts, are cancerous and can be called a melanoma or a malignant melanoma.[2] The experts also testified that these cells are capable of multiplying, but as long as the

---

[2]St. George's expert, Dr. Philip H. Cooper, declined to describe the condition as cancerous, defining "cancer" as including a condition which has the ability to "locally invade tissue beyond where it starts" and "the potential to metastasize."

4

growth is confined to the epidermis, they cannot metastasize or move into other areas of the body. Pariser's experts referred to St. George's condition in 1991 as "melanoma in situ." The experts also agreed that complete removal of these cells or melanoma at this point would have eliminated any possibility of a recurrence of the cancerous condition because of this melanoma, either at the removal site or at any other part of the body. Dr. Albert Ackerman, one of Pariser's experts, described the "melanoma in situ" as "biologically benign."

The experts further agreed that the 1993 biopsy showed that St. George's condition had altered from its 1991 status. Specifically, the melanoma had enlarged and moved into the dermis. The experts explained that once the melanoma invaded the dermis, it was capable of metastasizing. In this status, according to the experts, even complete removal of the melanoma from the dermis at this point could not insure that the cancerous condition would not recur in another part of the body as a result of the movement of some of the cells from the melanoma. The experts all stated that St. George has some likelihood of recurrence of the cancer from the melanoma, even though they differed as to the exact percentage. Furthermore, both Dr. Ackerman and Dr. Cooper testified that if cancer were to recur from this melanoma, the chances that the recurrent cancer would be fatal would increase.

Pariser contends that, although the expert testimony did

5

not establish the date of the onset of cancer in St. George, it did establish with reasonable medical certainty that St. George had a cancerous condition in 1991 when she presented herself for the initial diagnosis.  Thus, because St. George's motion for judgment was not filed within two years after her initial diagnosis, the trial court was correct in denying St. George's motion to strike Pariser's plea of the statute of limitations.

St. George replies that her injury was not the onset of cancer.  She claims her injury occurred when the cancer or melanoma moved from the epidermis into the dermis.  She contends she was injured at that point as a result of the misdiagnosis because, deprived of the opportunity to have the mole removed in 1991 when the cancer was confined to the epidermis, she became subject to the risk of recurrence of the cancer from the melanoma, and treatment for the melanoma required more extensive surgery and periodic testing.  We agree with St. George.

Before addressing when an injury arises for statute of limitations purposes, we must first identify the actionable injury.  This is a misdiagnosis case, not a malpractice action based on negligently performed surgery.  Compare Scarpa v. Melzig, 237 Va. 509, 379 S.E.2d 307 (1989).  In every misdiagnosis case, the patient has some type of medical problem at the time the physician is consulted.  But the injury upon which the cause of action is based is not the original

6

detrimental condition; it is the injury which later occurs because of the misdiagnosis and failure to treat. For example, in Lo v. Burke, the actionable injury was not the cyst the plaintiff had when she went to the doctor, although this was a medical problem which should have been treated. The injury at issue was the cancer which developed from the cyst. 249 Va. at 315-17, 455 S.E.2d at 12-13. Similarly, in Jenkins v. Payne, 251 Va. 122, 465 S.E.2d 795 (1996), the injury was the wrongful death of a patient who presented to the physician with a cancerous condition which was not diagnosed or treated before the condition became terminal. See also Renner v. Stafford, 245 Va. 351, 429 S.E.2d 218 (1993)(actionable injury was condition caused by improper treatment rendered because of misdiagnosis). "Where a medical malpractice claim is based on a misdiagnosis or failure to diagnose a condition, the 'injury' . . . is the development of the problem into a more serious condition which poses greater danger to the patient or which requires more extensive treatment." DeBoer v. Brown, 673 P.2d 912, 914 (Ariz. 1983).

In this case, St. George's actionable injury was not the generic disease of cancer or the cancer "in situ" which she had when she sought evaluation of the mole in 1991. Pariser's negligence could not have been the cause of that medical condition. St. George's injury was the change in her cancerous condition which occurred when the melanoma altered its status

7

as "melanoma in situ," a biologically benign condition, to "invasive superficial spreading malignant melanoma" in the dermis which allowed the melanoma cells to metastasize to other parts of the body.  At this point, St. George's cancer, according to the expert testimony, was no longer 100 percent curable because the cancer could metastasize and recur.  Additionally, the treatment then required to remove the melanoma was more extensive and included post-surgical monitoring to insure that the cancer had not recurred.

To carry his burden on the limitations plea, therefore, Pariser was required to show, with reasonable medical certainty, that this injury, the movement of the cancer from the epidermis to the dermis, occurred prior to October 21, 1991.  The only evidence in the record on the issue of when the injurious change occurred is Dr. Cooper's testimony that he believed the change happened after January 1992.  There is nothing in the record which would place the date of the injury more than two years prior to the filing of the motion for judgment in this case.  Thus, Pariser wholly failed to meet his burden of proof to sustain his statute of limitations plea, and the trial court erred in denying St. George's motion to strike the plea as a matter of law.

St. George also asserts that she adequately pled a cause of action for constructive fraud, and the trial court erred in sustaining Pariser's demurrer to her fraud count.  This

assignment of error is without merit.  The facts alleged in St. George's pleadings describe only the negligent performance of the initial biopsy, not negligent misrepresentation.

Accordingly, for the reasons stated, we will reverse the judgment of the trial court in part, and remand the case for entry of an order denying Pariser's plea of the statute of limitations as a matter of law and for further proceedings on the issues of proximate cause and damages based on St. George's negligence count.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>