5 F.Supp.2d 379 (1998)
Jeanette WADE, et al., Plaintiffs,
v.
DANEK MEDICAL INC., et al., Defendants.
Civil Action No. 3:95CV876.
United States District Court, E.D. Virginia, Richmond Division.
May 13, 1998.
*380 Arthur Vincent Shaheen, Shaheen & Shaheen, Richmond, VA, John J. Cummings, III, New Orleans, LA, Easter Peter Moses, Law Office of Easter P. Moses, Roanoke, VA, Donna S. Cummings, Frank C. Dudenhefer, Jr., Cummings, Cummings & Dudenhefer, New Orleans, LA, Thomas J. Kliebert, Jr., Gramercy, LA, Darryl Tschirn, New Orleans, LA, for Jeannette Wade and Edwin Wade.
Gary J. Spahn, Mays & Valentine, Richmond, VA, Stephen S. Phillips, Philip Lebowitz, Pepper, Hamilton & Scheetz, Philadelphia, PA, Margaret S. Woodruff, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, Robert Armistead Angle, Mays & Valentine, Richmond, VA, Edward Hutton Starr, Jr., Dabney Jefferson Carr, IV, Mays & Valentine, L.L.P., Richmond, VA, George Lehner, Pepper Hamilton, Washington, DC, James F. Roegge, Richard L. Pemberton, Jr., Meagher & Geer, Minneapolis, MN, Hill Beverley Wellford, III, Christian & Barton, Richmond, VA, Norman P. Jeddeloh, David M. Rownd, Burditt & Radzius, Chicago, IL, Lauren E. Remick, Burditt and Radzius, Philadelphia, PA, Mitchell Stearn, K. Thomas Shahriari, Porter, Wright, Morris & Arthur, Washington, DC, June J. Essis, Fineman & Bach, P.C., Philadelphia, PA, Shawn M. Collins, The Collins Law Firm, Naperville, IL, Fred Krutz, Daniel J. Mulholland, David H. Fulcher, Roland M. Slover, Edwin S. Gault, Jr., Forman, Perry, Watkins, Krutz & Tardy, P.L.L.C., Jackson, MS, Robert E. Nord, Hinshaw & Culbertson, Chicago, IL, Janet L. MacDonell, Deutsch, Kerrigan & Stiles, New Orleans, LA, Julie A. Harms, Michael J. Leech, Thomas F. Ging, Hinshaw and Culbertson, Chicago, IL, W. Lee Kohler, Joseph McReynolds, Douglas Elliott, Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, LA, Richard I. Werder, Jr., Jones, Day, Reavis & Pogue, Cleveland, OH, Louis A. Bove, Bodell, Bove & Van Horn, Philadelphia, PA, John C. Ivins, Jr., Hirschler, Fleischer, Weinberg, Cox & Allen, David Wayne Robinson, Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, Michael R. Fruehwald, Barnes & Thornburg, Indianapolis, IN, Franklin Brawner Greer, McGuire. Woods, Battle & Boothe, Richmond, Robert William McFarland, McGuire, Woods, Battle & Boothe, Norfolk, George J. Murphy, Hecker, Brown, Sherry and Johnson, Philadelphia, PA, Tracy E. Gold, Aubert and Pajares, Metairie, LA, William W. Dunlap, Jr., James D. Wilson, Harris, Shelton, Dunlap and Cobb, Memphis, TN, Gary Allen Kalbaugh, Jr., Robert Gerard Harrington, Kalbaugh, Pfund & Messersmith, P.C., Richmond, VA, Lawrence A. Mann, Stanton E. Shuler, Jr., Leake and Andersson, New Orleans, LA, J. Kurt Straub, Obermayer, Rebmann, Maxwell & Sippel, Philadelphia, PA, Vijay Kumar Mago, Hunton & Williams, Harry Margerum Johnson, III, Hunton & Williams, Richmond, VA, Matthew James Calvert, Hunton & Williams, Atlanta, GA, Brian P. Quirk, Montgomery, Barnett, Brown, Read, Hammond & Mintz, LLP, New Orleans, LA, Paul Dennis Krause, Wilson, Elser, Moskowitz, Edelman & Dicker, Washington, DC, Robert R. Reeder, Cozen & O'Connor, Philadelphia, PA, David P. Corrigan, Harman, Claytor, Corrigan & Wellman, Richmond, VA, Thomas G. Stayton, Leslie S. Rogers, Baker & Daniels, Indianapolis, IN, Albert J. Dahm, Baker & Daniels, Fort Wayne, IN, Sarah L. Olson, Richard C. Bartelt, Wildman, Harrold, Allen and Dixon, Chicago, IL, Carl A. Henlein, Brown, Todd and Heyburn, Louisville, KY, Stacy C. Taylor, Woods, Rogers & Hazlegrove, PLC, *381 Richmond, VA, Susan S. Wettle, Lori E. Hammond, Charles M. Pritchett, Jr., Brown, Todd & Heyburn, Douglas W. Langdon, Brown, Todd & Heyburn, Louisville, KY, for Danek Medical, Inc., Sofamor, Inc., Sofamor-Danek Group, Inc., Sofamor, S.N.C., Warsaw Orthopedic, Inc., Eduardo Luque, Charles E. Johnston, II, Richard Ashman, Ph.D., Gary Lowery, George Rapp, Ensor Transfeldt, John A. Herring, Thomas Whitecloud, III, Thomas A. Zdeblick, Texas Scottish Rite Hospital for Crippled Children, American Academy of Orthopaedic Surgeons, North American Spine Society, Scoliosis Research Society, Acromed Corporation, Charter Number 614043, Acromed Corp., (Now Acromed Corporation, Charter Number 614043), Acromed Corporation, Charter Number 816942, Acromed, Inc. Charter Number 811415, Acromed Incorporated, (Now Acromed Inc., Charter No. 811415), Acromed Incorporated, Charter Number 816943, Acromed Holding Corporation, Charter Number 811416, Acromed Corporation, (Now Acromed Holding Corporation, Charter Number 811416), Ace Medical Company, Advanced Spine Fixation Systems, Inc., Cross Medical Products, Depuy-Motech, Inc., Scientific Spinal, Smith & Nephew Richards, Inc., Synthes (U.S.A), Synthes, Inc., Synthes North America, Inc., Synthes, A.G. Chur, Zimmer, Inc., Spinal Science Advancement Foundation, Youngwood Medical Specialities, Inc., Hansen Yuan, M.D., Richard W. Treharne, Ph.D., Ermon R. Pickard and Stuart Medical Inc.

MEMORANDUM OPINION
RICHARD L. WILLIAMS, Senior District Judge.
This matter is before the Court on defendants' motions for summary judgment and dismissal for lack of personal jurisdiction. This case is one of more than two thousand separate products liability actions filed by more than five thousand plaintiffs claiming that defective "pedicle screw fixation devices" which have been surgically attached to the pedicles of their spine have caused them to suffer physical injuries. Pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multi-district Litigation transferred these cases to the United States District Court for the Eastern District of Pennsylvania for consolidated pretrial proceedings, following which two separate groups of plaintiffs filed consolidated "Omni Actions." Generally speaking, the plaintiffs in the first of these two groups, including Janet Wade and Edwin Wade, the plaintiffs herein, sued not only the manufacturers, designers and distributors of the devices on products liability theories of recovery, but they sued, as well, a number of medical associations, charging that these defendants had unlawfully conspired with the device manufacturers to promote, market and sell pedicle screw fixation devices to medical providers.[1]
The MDL court, through Judge Louis C. Bechtle, managed the litigation through extensive procedural matters, including dismissal of the original complaints, the filing of amended omni complaints, discovery, and the resolution of numerous motions, including two motions to dismiss, and that court has recently remanded Wade's case to this court for final disposition. Their case is now before the court on: (1) the Medical Associations' motion for summary judgment; (2) Zimmer, Inc.'s motion for summary judgment; (3) Warsaw Orthopedic, I., Sofamor, S.N.C., Sofamor-Danek Group, Sofamor, Inc., Danek Medical, Inc.'s motion for summary judgment; (4) Richard Ashman, Ph.D., John A. Herring, M.D., Charles E. Johnston, II, M.D., Gary Lowery, M.D., Ph.D., George Rapp, M.D., Ensor E. Transfeldt, M.D., Thomas Whitecloud, III, M.D., Thomas A. Zdeblick, M.D., and Texas Socttish Rite Hospital for Children's motion to dismiss for lack of personal jurisdiction and motion for summary judgment; (5) Youngwood Medical's motion for summary judgment; (6) Synthes, USA, Synthes, Inc., and Synthes North America's motion for summary judgment; (7) DePuy-Motech, Inc.'s motion for summary judgment; (8) Ace Medical Company's motion for summary judgment; (9) Cross Medical Products Inc.'s motion for summary judgment; (10) Smith & Nephew Richards, Inc.'s *382 motion for summary judgment; and (11) Advanced Spine Fixation Systems, Inc.'s motion to dismiss for lack of personal jurisdiction.
Defendants move for summary judgment on the ground that Plaintiffs' claims are barred by the statute of limitations. All of plaintiffs' claims are subject to Virginia Code Section 8.01-243(A), which requires that actions for personal injury be brought within two years of when the injury, no matter how slight, is sustained. St. George v. Pariser, 253 Va. 329, 484 S.E.2d 888 (1997) (injury is deemed to occur, and the statute of limitations period begins to run, whenever any injury, however slight, is sustained). The date on which the statute of limitations begins to run is the date when the injury is received, notwithstanding that the plaintiff may sustain more substantial injuries at a later date. See Locke v. Johns-Manville Corp., 221 Va. 951, 957, 275 S.E.2d 900 (1981).
Plaintiff's spinal fusion surgery occurred on October 26, 1992. According to Ms. Wade's deposition, her back pain never diminished after her October 1992 surgery. In fact she states that she specifically told individuals responsible for her pain management, "Please, something is going wrong, and I know y'all are doing your best." Wade Dep. at 167. She stated that her back pain became worse immediately after surgery and "was not improved at all." Id. Ms. Wade makes abundantly clear in her deposition that she was aware of her alleged injury and its alleged cause within days of her implantation surgery. She testified that she knew that she was having a problem that was caused by the screws before she went to pain management in April 1993. Id. at 196. She states the same in her questionnaire at the Pain Management Center at MCV. See Questionnaire at JRW-001-000013, Exhibit H to Defendant Danek's Reply Memorandum. There is no question that Ms. Wade knew of her alleged injury immediately following her back surgery, but certainly no later than April 1993.
Plaintiffs put forth three arguments that the statute of limitations does not bar their action.[2] First, plaintiffs argue that because of Ms. Wade's long history of back pain, she could not have reasonably known of a connection between her symptoms and the TSRH device until her doctors told her there may be a link. Second, plaintiffs contend that the defendants have failed to meet their burden of showing with precision when plaintiff's injury occurred. Finally, the plaintiffs allege that all statutes of limitation were tolled for any putative class member under the U.S. Supreme Court's ruling in American Pipe and Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). The court addresses each of these arguments in turn and finds them without merit.
There can be no dispute that Ms. Wade has had serious medical problems throughout much of her life. See Danek's motion pp. 4-7. However, as discussed above, Ms. Wade herself testified in her deposition that she believed the 1992 fusion surgery was the source of her injury. Plaintiffs are mistaken when they argue both that Ms. Wade could not know the source of her pain and that her cause of action did not accrue until her physicians told her of the possible connection between her symptoms and the device. Virginia law does not calculate statute of limitations in personal injury from the date of diagnosis. Brown v. Plywood Panels, 67 F.3d 293, 1995 WL 559656 (4th Cir. 1995) (citing Locke v. Johns-Manville Corp., 221 Va. 951, 275 S.E.2d 900 (1981)).[3] Ms. Wade, and her causation expert, Dr. Yarus, claim that it was due to the implantation of the device that plaintiff suffered permanent physical harm. Dr. Yarus Dep. at 29, 31. Even if the court were to disregard the testimony of plaintiffs' own expert, Ms. Wade testified in her deposition that she knew *383 something was wrong when she began to have pain in her left leg as soon as she began walking after the surgery. Wade Dep. at 196. This occurred before she went into pain management in the spring of 1993. Id. In any event, defendants are not required to establish as a matter of law the exact date that the injury was first sustained; they need only to establish that it was more probable than not that it occurred more than two years prior to the filing of the suit on October 23, 1995. This they have amply demonstrated. See Brown v. Plywood Panels.
Finally, plaintiffs argue that the Supreme Court's ruling in American Pipe and Construction Company v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), precludes a dismissal in this case on statute of limitations ground.[4] On January 12, 1994, a class action suit was filed in the Eastern District of Pennsylvania, naming Sofamor-Danek as a defendant and naming as putative class members all persons who had Sofamor-Danek pedicle screws implanted into their spines. Class certification was denied on February 22, 1995.
In American Pipe the Court held that the filing of a class action suit tolls the statute of limitations for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status. 414 U.S. at 553, 94 S.Ct. 756. Plaintiffs' reliance on American Pipe and Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) for support in this case is misplaced. The limitation periods in the above cited cases were derived from federal statutes. As the court said in In re Agent Orange Product Liab. Litig., 818 F.2d 210, 213 (2d Cir.1987), it is "doubtful" that they would be applicable precedent with regard to a state statute of limitations. This court agrees. The court further notes that the instant case is a mass tort personal-injury litigation, where this court is sitting in diversity. There is no overriding federal interest in this case as there was in American Pipe. Compare In re "Agent Orange" Product Liability Litigation, 818 F.2d at 213, cert. denied, Fraticelli v. Dow Chem. Co., 484 U.S. 1004, 108 S.Ct. 695, 98 L.Ed.2d 648 (1988); Sentry Corp. v. Harris, 802 F.2d 229, 244 (7th Cir.1986) ("rationale applicable to diversity cases is inapposite in federal question cases because the federalist considerations ... are absent"), cert. denied, 481 U.S. 1004, 107 S.Ct. 1624, 95 L.Ed.2d 199(1987); and Carter v. Washington Metro. Area Transit Auth., 764 F.2d 854, 857 (D.C.Cir.1985)("no remotely compelling federal interest in overriding the local statute of limitations" in personal-injury suit between private parties) with Adams Pub. Sch. Dist. v. Asbestos Corp., 7 F.3d 717, 719 (8th Cir.1993) (viewing federal interest in American Pipe tolling "sufficiently strong to justify tolling in a diversity case when the state law provides no relief").[5] Absent an applicable Virginia tolling law, this Court will not apply American Pipe to toll the statute of limitations in a personal-injury litigation.

Conclusion
Despite the notable breadth of plaintiffs' claims, in terms of defendants and causes of action, plaintiffs' complaint must fail as untimely for the reasons above stated. Because the statute of limitations argument is common to all claims and defendants, the court declines to address the merits of the case with regard to defendants' motions to dismiss. However, the court notes that had it not dismissed plaintiffs' case as untimely, it would have adopted the reasoning in Mary Coleman v. Danek Medical, Inc. et al., Civil Action No. 3:96CV776LN (S.D.Miss. Apr. 30, 1998). The court wholeheartedly concurs with Coleman's interpretation of Judge Bechtle's Order In re Orthodpedic Bone Screw Prods. Liab. Litig., No. MDL-1014, 1995 WL 925671 (E.D.Pa. July 12, 1995)(PTO 68). Likewise this court would have followed Coleman's analysis of the conspiracy and *384 concert of action claims against the Medical Associations.
For the reasons set forth above, the defendants' motions for summary judgment are GRANTED on the ground that plaintiffs' claims are time barred and the case is DISMISSED WITH PREJUDICE as to all claims against all defendants.
NOTES
[1] The medical association defendants named herein included the American Academy of Orthopaedic Surgeons, the North American Spine Society, and the Scoliosis Research Society.
[2] Two are set forth in plaintiffs' memorandum in opposition to Danek's motion for summary judgment and the third is the subject of plaintiffs' supplemental memorandum filed May 5, 1998.
[3] Defendants correctly characterize plaintiffs' reliance on Lo v. Burke 249 Va. 311, 455 S.E.2d 9 (1995) as "misplaced." In the instant case, it is Wade and her expert that claim she suffered immediate physical injury as well as subsequent pain. It is from the time of injury that the statute of limitations accrues.
[4] Plaintiffs' argument only applies to defendants named in the class action. According to Exhibit 4 attached to plaintiffs' supplemental memorandum filed May 5, 1998, the two defendants were Acromed Corporation and Sofamor Danek Group, Inc. Accordingly, the argument is moot as to the other defendants in this case.
[5] Cited from Barela v. Showa Denko K.K., 1996 WL 316544 *11 (D.N.M. Feb.28 1996).