## CIRCUIT COURT OF NORTHAMPTON COUNTY

Terrance Bryan,
a minor,
by his Mother and Next Friend,
Lori Bryan

v.

Shore Health Services, Inc.,
d/b/a Shore Memorial Hospital, et al.

January 9, 2002

Case No. (Law) CL01-42

BY JUDGE GLEN A. TYLER

In this action at law for medical malpractice, at the time this action was filed on January 14, 2000, the plaintiff was a minor and sued by his mother. Defendants are health care providers, and plaintiff alleged that they were negligent in their treatment of him and failed to timely diagnose his ailments and to timely treat them and to order tests to determine his ailments, thereby causing him to be injured and to incur medical expenses. He further alleged that the defendant, Shore Memorial Hospital, violated certain provisions of 42 U.S.C. § 1395dd. causing him to be injured as well.

In his motion for judgment plaintiff alleged that he "presented" at the Hospital on April 11, 1997, and was not "admitted" but was "discharged" that same day, and was "transferred" (referred?) to another medical facility (Children's Hospital of the King's Daughters) by the individual defendants, the medical providers at Shore Memorial Hospital.

There is no allegation in the motion for judgment of any other services, contact, treatment, advice, or other act or omission of any kind by the defendants after April 11, 1997. (In oral argument all counsel appeared to accept that, in fact, plaintiff returned to Shore Memorial Hospital the next day,

April 12, and on that day, not April 11, Dr. Raymond Burger, no longer a defendant, referred plaintiff to Children's Hospital of the King's Daughters.

Among the pleadings in this action is a plea of the statute of limitations by the individual defendant, Dr. Elizabeth Rogers. The plea, if granted, would appear to be dispositive of the entire matter. It was briefed, and argued on December 10, 2001. Counsel for all parties remaining in the case, at argument, all accepted the fact that plaintiff was a minor older than eight years of age and younger than eighteen years of age on April 11, 1997, and on January 14, 2000.

Among the preliminary matters decided in this action, the Court has heard and resolved a motion to determine the sufficiency of plaintiff's answers to requests for admissions. The result was that the Court found and ordered that the plaintiff has admitted, or been deemed to admit, that Dr. Rogers had seen and treated the plaintiff only on April 11, 1997, and not before or since.

The applicable statute of limitations is Va. Code Ann. § 8.01-243.1 (Repl. Vol. 2000). Plaintiff contends that the judicially established continuing treatment rule tolled the statute or applies in a way such that the period of limitations did not end until after the date this action was filed. Plaintiff concedes that, if it is concluded that the rule does not apply, then such conclusion is dispositive of the case and other matters argued need not be addressed.

Plaintiff argues that the continuing treatment rule requires that any treatment by the doctors to whom plaintiff was referred by defendants be tacked, in effect, to the treatment by the defendants. The combined treatment would then extend the statute to include the filing date of this action, more than two years after defendant Rogers saw plaintiff for the first and last time. Plaintiff made no such allegation in the pleadings. Plaintiff argues that *Justice v. Natvig*, 238 Va. 178 (1989), permits such tacking in this case, because of the contention that the continuity of Dr. Rogers' treatment by such single referral, is not broken. Plaintiff goes even further and argues that a subsequent referral by a Doctor Penix, to whom plaintiff was referred by Dr. Burger, back to another doctor at Shore Memorial Hospital, where Rogers works, could also be tacked. In effect, plaintiff argues that "continuous" treatment by Dr. Rogers does not end as long as the malady first misdiagnosed continues or its effects are treated by any health care provider.

Plaintiff cites *Keller v. Denny*, 232 Va. 512 (1987). The *Keller* case is a legal malpractice case that stands for the proposition that the statute of limitations commences to run only when services rendered in connection with a particular transaction have terminated, as in a medical malpractice case, when the improper examination or treatment for the particular malady

terminates. However, the case at bar is concerned with referrals to other providers of professional services. The issue here is whether Dr. Rogers continues to be responsible. *Keller* holds specifically that the statute "begins to run when *the* attorney's services rendered in connection with that particular undertaking or transaction have terminated. . . ." *Id.* at 518 (emphasis added).

Plaintiff argues in brief that *St. George v. Pariser*, 253 Va. 329 (1997), is "on all four squares" as a controlling precedent to the case at bar. But that was an evidence or proof of facts case regarding the plea of the statute. There, the Court found that the plea was not sustained by necessary proof of when the "injury" occurred. In the case at bar there is no dispute about the fact that the injury (not the sinusitis but the complication by invasive infection) occurred more than two years before the suit was filed. That in itself would not prevent this case from going forward. Indeed all parties agree that the day after Dr. Rogers saw the plaintiff, Dr. Burger made the referral. What is more, this case involves the issue of whether there was continuing treatment, not proof of facts.

The case of *Farley v. Goode*, 219 Va. 969 (1979), is controlling. There, the doctor treated his patient from 1966 until August 23, 1976. The disease, still present, that the doctor failed to diagnose, had occurred five years before, in 1971. The suit was filed November 19, 1976. There was no referral but the patient went to another doctor in 1976 who found the disease and suit was filed that same year. The Court then followed the continuing treatment rule to find that the statute had not yet run. The Court quoted *Schmit v. Esser*, 183 Minn. 354, 236 N.W. 622 (1931), agreeing that "[s]o long as the relation of physician and patient continues as to the particular injury or malady . . . and the physician continues to attend . . . it cannot be said that the treatment has ceased." *Farley v. Goode*, 219 Va. 969, 977 (1979). Note the reference to both the relation and the particular malady.

Of course, referrals do not necessarily break the continuity of services. In *Justice v. Natvig*, there were referrals of the patient to other doctors and returns of the patient to the original treating physician. *Justice* instructs us on the proper decision in the case at bar. There, Dr. Natvig, the defendant, had treated his patient, the plaintiff, over a number of years and the Court found that his treatment was continuous (should we use the word continual?) even though he had referred his patient to other doctors whose treatment related to the same malady for which Dr. Natvig had treated his patient. The Court stated, importantly, that Dr. Natvig "continued *his* treatment of Justice even after their operations. Under *these* circumstances, neither referral broke the continuity of Dr. Natvig's treatment." *Justice v. Natvig* at 181 (emphasis

added). However, in this case, there was no continuity to even be broken, and each case must be analyzed on its own circumstances.

Under the allegations and accepted facts in this case, the continuing treatment rule does not apply. Counsel for plaintiff stated at oral argument that the continuing treatment rule is controlling in this case, and there is, therefore, no need to address the arguments in brief or orally about the alleged mental disability of the plaintiff.

The statute of limitations ran before plaintiff filed this action; the plea of the statute is sustained, and counsel for defendants will be requested to prepare a sketch for an order and have it endorsed. Given the Court's ruling, if there is any other factor which causes this action to remain viable for trial, counsel for plaintiff would need to bring it to the Court's attention.