## CIRCUIT COURT OF THE CITY OF NORFOLK

Myron Boggs

v.

Cathy Traugh et al.

February 6, 2002

Case No. (Law) L00-1881

BY JUDGE CHARLES E. POSTON

Today the Court grants the defendant's motion for summary judgment in this action for medical malpractice.

To establish a *prima facia* case for medical malpractice, the plaintiff must prove a breach of the standard of care that was the proximate cause of the injury alleged. *Griffett v. Ryan*, 247 Va. 465, 470 (1994); *St. George v. Pariser*, 253 Va. 329 (1997); *Blondel v. Hays*, 241 Va. 467 (1991). Critically, in almost every medical malpractice case, Virginia law requires that the standard of care be established through expert testimony. *Dickerson v. Fatehi*, 253 Va. 324 (1997); *Raines v. Lutz*, 231 Va. 110, 113 (1986); *Bly v. Rhoads*, 216 Va. 645, 653 (1976).

In the case at bar, the plaintiff has failed to designate any expert who could establish the standard of care. The defendant first requested the plaintiff to designate his expert witnesses on June 8, 2001. After the plaintiff indicated he had not yet determined who his expert witnesses would be, the Court ordered the plaintiff to designate his expert witnesses by January 8, 2002. The Court then explained the necessity for designating experts as ordered. Almost a month after the court's deadline, the plaintiff has yet to designate his expert witnesses. The gravamen of the plaintiff's action is that the defendant physician failed to treat properly pain in the plaintiff's left foot in light of the fact that the plaintiff had sickle cell anemia. Determination of whether the defendant physician breached the standard of care would necessarily require an understanding of issues outside the ordinary experience of a jury and is impossible without the assistance of expert witnesses.

Because of his failure to designate even a single expert witness, the plaintiff cannot establish the standard of care nor the breach thereof, both indispensable elements of an action for medical practice. Accordingly, the defendant's motion for summary judgment is granted, and the plaintiff's action is dismissed with prejudice.