## CIRCUIT COURT OF THE CITY OF NORFOLK

Mary E. Dixon

v.

Andrew C. Messer et al

May 22, 2003

Case No. (Law) L02-479

BY JUDGE LYDIA CALVERT TAYLOR

The Defendant surgeon has raised the two-year statute of limitations as a bar to this medical malpractice action brought by Plaintiff, a former surgical patient of the Defendant. This Court held *ore tenus* in a hearing to determine whether the statute had run when the suit was filed and found that the statute had run, it not having been tolled by the fraud tolling provision. At that hearing, however, the Plaintiff raised, but the parties had not yet briefed, whether Plaintiff was entitled to a jury trial on that issue. The Court has now determined that a jury should decide the disputed facts involved in the limitations issue.

The statute of limitations applicable in this case is Section 8.01-243 of the Virginia Code, which provides: AUnless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues.' Va. Code Ann. § 8.01-243(A) (Michie 2003). Both parties agree that, due to the continuing treatment rule, the statute of limitations for medical malpractice actions normally would begin to run on February 3, 1995, the date of the end of the Plaintiff's treatment by the

Defendant for the injuries the Defendant allegedly caused, unless the statute were tolled. *See Grubbs v. Rawls*, 235 Va. 607, 613 (1988). ("If there existed a physician-patient relationship where the patient was treated for the same or related ailments over a continuous and uninterrupted course, the plaintiff could wait until the end of that treatment to complain of any negligence which occurred *during* that treatment.").

The Plaintiff, however, contends that her action is covered by the tolling provision found in Paragraph (C)(2) of § 8.01-243, which provides that "[t]he two-year limitations period specified . . . shall be extended in actions for malpractice against a health care provider. . . . [i]n cases in which fraud, concealment, or intentional misrepresentation prevented discovery of the injury within the two-year period, for one year from the date the injury is discovered or, by the exercise of due diligence, reasonably should have been discovered." Va. Code Ann. § 8.01-243 (Michie 2003). Paragraph (C)(2), however, only deals with "fraud, concealment, [and] intentional misrepresentation" and does not by its words provide an exception to the statute of limitations in cases in which "negligent' misrepresentation or "constructive" fraud prevented discovery of the injury. In addition, the Virginia Supreme Court has so held in a medical malpractice case, *albeit* decided before the fraud provision in Paragraph (C)(2) was added to the Code. In that case, the plaintiff claimed the statute was tolled until she discovered the needle left in her throat during an operation by defendant surgeon and, alternatively, that the doctor obstructed her from bringing suit by "knowingly, actively, and negligently conceal[ing] from the plaintiff the fact of the presence of such needle in her neck." *Hawks v. Dehart*, 206 Va. 810, 814 (1966). In denying that the statutory tolling provision in effect at the time, which tolled the statute when the defendant obstructed the prosecution of a lawsuit, the Court illuminated its view of the fraud required to obstruct the prosecution:

> Constructive fraud is not such as will toll the running of the statute of limitations. The character of fraud necessary to toll the statute must be of a variety involving moral turpitude. A defendant must intend to conceal the discovery of the cause of action by trick or artifice and must have thus actually concealed it from the plaintiff in order for the exception to apply.

*Id*. (citations omitted).[1]

---

[1] The opinion in *Hawks* was rendered before the tolling provision for fraud, Va. Code § 8.01-243(C)(2), was added to the medical malpractice statute of limitations

To apply the tolling provision, the Court must first resolve two issues: the party upon whom the burden of proof rests to prove that the statute has or has not run and the standard of proof necessary to prove fraud under the tolling provision.

The Court opines that, although the Defendant has the burden of proving that the action is barred by the statute of limitations, the Plaintiff has the burden of proving that the time is extended by the tolling provision. The Court further believes that the fraud required by the tolling provision must be proven by clear and convincing evidence in order for the tolling provision to apply.

Based on the evidence presented at the hearing, this Court ruled that, even if the burden were on the Defendant to disprove, by clear and convincing evidence, that the action is covered by the tolling provision (*i.e.*, the situation most favorable to the plaintiff), the Defendant carried that burden by proving to this judge's satisfaction that no fraud occurred in the case at bar. In reaching its decision, the Court considered the pleadings, evidence presented at the hearing, oral argument of counsel, and the parties' other written submissions.

The Court found that the Plaintiff's allegation that the Defendant defrauded her by showing her x-rays different from her own when he was treating her was unfounded, as the only evidence of such alleged fraud was the Plaintiff's assertion that the Defendant showed her the wrong x-rays during her treatment. When she testified, however, the Plaintiff's memory was unclear about the x-rays shown to her during her treatment, and, thus, she did not provide credible, persuasive testimony on the issue to the Court. In contrast, the Defendant clearly testified that he showed her the correct x-rays during her treatment. By any standard and whoever bore the burden of proof on this issue, the Court finds that the evidence that the wrong x-rays were shown to the Plaintiff is not credible, given that her memory has clearly been affected by a series of ministrokes since the incident in question.

The Court also found that the Defendant did not provide an intentionally fraudulent report to the Plaintiff when he told her that "everything looked good and was healing nicely and that he was satisfied with the way it looked." (First Am. Mot. for J., ¶ 12.) The Plaintiff's current treating physician testified that "any competent orthopedist" would not have considered the Plaintiff to be fine after viewing her x-rays. The Court, however, holds that the current treating physician's opinion speaks to the Defendant's incompetence, not any fraudulent behavior on the Defendant's part. From the evidence heard, the Court found that the

in 1986 or 1987. In amending to provide a more specific section on the tolling of a medical malpractice suit by fraud, the General Assembly is presumed to have been aware of the existing law, including the definition of fraud for tolling in *Hawks*.

Defendant did not intentionally misrepresent the Plaintiff's condition; rather, this Court found that the Defendant truly believed that the x-rays showed the screw to be properly in the crespula. The Plaintiff's expert evidence may demonstrate malpractice or failure to meet the standard of care by the Defendant, but, in this Court's opinion, it did not show fraud, even constructive. The Defendant may well have been negligent, but he did not defraud, conceal from, or intentionally mislead the Plaintiff as to her condition as shown in the x-rays. Additionally, there was no persuasive evidence that the Plaintiff was shown x-rays other than those actually taken of her post-operation. In sum, the Court found that no actual fraud, concealment, or intentional misrepresentation occurred because, at the evidentiary hearing, the Plaintiff failed to produce credible evidence that the Defendant was fraudulent.

The Court made these findings prior to reading the briefs and conducting independent research as to the right to a jury on the factual issues involving the statute of limitations. The Plaintiff raised the issue of her right to a jury. After reading authorities presented by both sides and found by the Court, this Court agrees with the Plaintiff and rules that the Plaintiff is entitled to a jury on the Plea of Statute of Limitations.

Normally, issues of fact are reserved for the jury; however, when the facts are such that no reasonable person could differ on them, the court is allowed to decide the issue as a matter of law. Because the evidence presented at the evidentiary hearing is not sufficient to prove that the Defendant defrauded the Plaintiff as a matter of law, a factual dispute exists that must be resolved by the jury, as fact finder, in order for the outcome of the Plea of Statute of Limitations as an absolute bar to be determined. Determinations of credibility must be left to the jury if the law entrusts the decision on a given issue to the jury. The Defendant argues that such an issue is for the judge, not the jury. Virginia case law, however, differs from the Defendant's assertion. For example, in *Fisher's Executor v. Duncan & Turnbull*, 11 Va. (1 Hen. & M.) 563 (1807), the Court discussed jury instructions applying to a statute of limitations issue, thus indicating that factual issues surrounding a Plea of Statute of Limitations were properly presented to the jury. *Id.*;[2] *accord Southern Ry. v. McMenamin*, 113

---

[2] Judge Fleming wrote in *Fisher's Executor*: "But it appears to me that the County Court erred in having instructed the Jury, that, 'from the whole testimony before them, the demand of the plaintiffs was not barred by the act of limitations;' which I conceive to have been an improper interference, and an infringement on the privileges of the Jury, whose right it was to judge of the sufficiency or insufficiency of the evidence adduced to establish any fact or facts in issue before them; the province of the Court being to see that all proper evidence offered (and none other) be submitted to their consideration; without saying what effect such evidence ought to have in the cause." 11 Va. 563.

Va. 121 (1912) (also dealing with jury instructions on a statute of limitations matter, indicating that a jury properly decides factual issues surrounding the statute of limitations).

More recently, Judge Marc Jacobson of this Court submitted the issue of statute of limitations to a jury after granting the plaintiff's motion to strike defendant's evidence on the issue of negligence. The jury found that issue in defendant's favor. The plaintiff then appealed to the Virginia Supreme Court, arguing that "the trial court erred in failing to strike [the defendant's] plea of the statute of limitations as a matter of law," rather than submitting the issue to the jury. *St. George v. Pariser*, 253 Va. 329, 332 (1997). The Virginia Supreme Court in *St. George* agreed with the plaintiff and held that, because the defendant failed to produce *any* evidence that the plaintiff's injury had occurred more than two years before the motion for judgment was filed, the defendant "wholly failed to meet his burden of proof to sustain his statute of limitations plea, and the trial court erred in denying [the plaintiff's] motion to strike the plea as a matter of law." *Id.* at 335. In its ruling, the Virginia Supreme Court never suggested that issues of the statute of limitations should not go to the jury on contested facts, nor did it indicate that the court should always decide statute of limitations issues as matters of law. The Court merely reversed the trial court because the particular facts the defendant presented were insufficient *as a matter of law* to support its plea of the bar of the statute of limitations, and thus the issue should not have gone to the jury on undisputed facts.

For these reasons, this Court declines to impose its factual findings and rule on the Plea of Statute of Limitations, but rather grants the Plaintiff's Demand for a Jury on the issue. Whatever the Court's view of the evidence, it cannot say on this evidence that a reasonable jury could not find fraud on the facts. The issue of credibility of the witnesses, on which this Court based its finding, is for the jury to decide on disputed facts. The Court further holds tentatively that, as a matter of law, the Defendant must prove that more than two years have run since the end of the treatment, but that the Plaintiff bears the burden of proving that fraud by the Defendant prevented Plaintiff's discovery of the injury and thus tolled the statute. The Court further opines that the Plaintiff's burden is to prove fraud by clear and convincing evidence, as is the case in all analogous cases of fraud of which this Court is aware.