48

## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

J. Abbott Byrd, III

v.

Goodman & Co., L.L.P.,
Lois Hookham,
and Bresenoff and Assocs., P.C.

February 21, 2006

Case No. CL05-1061

By JUDGE WILLIAM R. O'BRIEN

This matter came before the Court on Defendants' Special Plea of Statute of Limitations. Plaintiff J. Abbott Byrd, III, filed breach of contract and negligence claims against Defendants Goodman & Company, L.L.P., Lois Hookham, and Bresenoff and Associates, P.C. Mr. Byrd, in his Motion for Judgment, states that he contracted with the Defendants to prepare his income tax returns from 1994 to 2001. He alleges that the Defendants improperly characterized the income he received from patent royalties, resulting in an overpayment of federal income taxes. Defendants raised a Special Plea of Statute of Limitation. Mr. Byrd raised the continuous treatment rule as an exception to the applicable statute of limitations.

Virginia recognizes a "continuing treatment rule" that serves as an exception to an applicable statute of limitations. Virginia Code Ann. § 8.01-246 provides a three-year and five-year statute of limitations for oral and written contracts respectively. Under certain circumstances, this statute of limitations period will not run from the time of a particular act or omission but rather from the time the last service in connection with the professional's

undertaking occurred. In *Keller v. Denny*, the Supreme Court of Virginia held that "when malpractice is claimed to have occurred during the representation of a client by an attorney with respect to a particular undertaking or transaction, the breach of contract or duty occurs and the statute of limitations begins to run when the attorney's services rendered in connection with that *particular undertaking or transaction* have terminated, notwithstanding the continuation of a general attorney-client relationship, and irrespective of the attorney's work on other undertakings or transactions for the same client." *Keller*, 232 Va. 512, 518 (1987) (emphasis added). In *Boone v. C. Arthur Weaver Co.*, 235 Va. 157 (1988), the Court stated that the application of this "continuing-treatment rule" in *Keller* would apply with equal force to the professional relationship of accountant and client. In *Boone*, an accounting firm gave remedial advice after previous erroneous tax advice resulted in an audit. The Court found the particular undertaking in this case did not end until the remedial services were provided.

Whether a claim is barred by the statute of limitations is a question of law. *Tuck v. Goodyear Tire and Rubber Co.*, 47 Va. App. 276 (2005). The defendant has the burden of proof to establish facts necessary to prevail on a statute of limitations plea. *Lo v. Burke*, 249 Va. 311, 316 (1995), *citing Locke v. Johns-Manville Corp.*, 221 Va. 951 (1981). However, when the plaintiff has sought to have a tolling provision applied, Virginia courts have found that the burden has been on the plaintiff to establish that the limitations period should be tolled. *See Fines v. Kendrick*, 219 Va. 1094 (1979) (burden on plaintiff to establish that he was insane at the time the cause of action arose to toll the statute of limitations); *Grimes v. Suzukawa*, 262 Va. 330 (2001) (to toll statute, burden on plaintiff to establish that the defendant undertook an affirmative action to obstruct plaintiff's right to file suit); *Dixon v. Messer*, 61 Va. Cir. 527 (2003) (plaintiff has the burden of proving that the statute of limitations was extended by the fraud tolling provision).

Mr. Byrd, in his pleadings and testimony, has tried to establish a continuous professional relationship between him and the Defendants. In his motion for judgment, Mr. Byrd stated that he contracted with the Defendants to prepare his tax returns for the tax years 1994 through 2001. Motion for Judgment ¶¶ 3, 4. He alleges that Defendant Hookham was to "perform services as Byrd's accountant for tax purposes which amounted to a continuous undertaking." Motion for Judgment ¶ 6. At the evidentiary hearing, Mr. Byrd testified that Defendant Hookham acted as his accountant for all his "financial matters" from 1995 until 2001, when he received notice that Ms. Hookham was retiring. Transcript 9:1-4. He stated that she "essentially acted as my monetary advice accountant" and that he would contact her when he

had questions about tax implications of his business or real estate ventures. Transcript 10:4-9. He also mentioned that he hired her to care for him and his family from a monetary standpoint, Transcript 19:2-4, and would seek her help about "tax planning toward the end of the year as far as stocks or other things to sell." Transcript 10:2-4. Mr. Byrd could not recall whether he called Ms. Hookham to talk about the tax return from the previous year. Transcript 25:19-20. His calls to her were in regards to his "ongoing financial health." Transcript 24:17. When questioned if he was free to go to another accountant at anytime during this time frame, he replied, "While I may have been free, I did not think that was in the best interest of myself and my family as far as my financial health goes." Transcript 26:19-21.

It does not appear to the Court that Mr. Byrd has met his burden of establishing that the continuing treatment rule should apply. As *Keller* clearly states, the termination of a particular undertaking or transaction that triggers the running of the limitations period has to be considered irrespective of the continued accountant-client relationship and the accountant's work on other transactions or undertakings for that particular client. The particular undertaking or transaction that would trigger the limitations period here is the filing date of the tax return each year. Each filing was a separate, distinct act that was contracted for on an annual basis. The additional phone calls between Mr. Byrd and Ms. Hookham regarding his overall financial health took place after the termination of the undertaking for which Ms. Hookham was contracted. During these conversations, Mr. Byrd sought Ms. Hookham's advice and assistance in regards to matters that may affect his tax return for the next upcoming year. This advice was unrelated to the "erroneous" return previously filed for that year. It also appears that Mr. Byrd was free at any time to select another accountant and accounting firm to handle his affairs, just as he did when Ms. Hookham retired.

The Court finds that this case is distinguishable from *Boone*. Although Mr. Byrd has allegedly received erroneous tax advice like the party in *Boone*, he has not established that the Defendants engaged in any remedial procedures that would extend their obligation for a particular return beyond its filing date. Since Mr. Byrd has not met his burden of proof, the continuing treatment exception will not apply and the statute of limitations will not be tolled. Defendants' Plea of Statute of Limitations is granted, and Mr. Byrd is, therefore, barred from bringing claims on the tax returns filed during the years 1994 through 1999.